## Case No. 15,880.

### UNITED STATES v. NIHOLS.

[4 McLean, 23.] [1]

Circuit Court, D. Michigan. June Term, 1845.

PERJURY — FALSE BANKRUPT SCHEDULE — OATH — POWER TO ADMINISTER.

1. An intentional omission to place a part of his property on a schedule, in an application under the bankrupt act, which he swears to, as containing a true account of all his effects, is perjury, under the act of congress.

2. A deputy clerk, being authorized to act, the same as the principal, has a right to administer oaths in bankruptcy.

[Cited in U. S. v. Evans, 2 Fed. 152.]

3. Such oaths are presumed to be administered in the presence of the court, and by virtue of its authority.

[Cited in U. S. v. Evans, 2 Fed. 152.]

4. The act of 1825 [4 Stat. 115], in relation to perjury, being a general law, applies to all subsequent cases which come within it.

Mr. Bates, U. S. Dist. Atty.
Mr. Vandyke, for defendant.

OPINION OF THE COURT. This is an indictment for perjury, under the 1st and 7th sections of the bankrupt law [of 1841 (5 Stat. 440, 446)]. The act of congress (Gordon's Dig. 737) makes false swearing perjury. The indictment charges that the defendant, in ap-

plying for the benefit of the bankrupt law, in the schedule attached to his petition, did not state all his property, as the law requires. That he had a right, or credit, against one King, of one hundred dollars, which was not returned. That a debt due from Benjamin King of two hundred dollars, was not included. That he had other rights and credits against King, which were not placed upon the schedule.

The defendant's counsel filed a demurrer to the indictment, for "the reason that the act of 1825 does not govern cases of false swearing under acts passed subsequent to that act; and that the petition was sworn to before a deputy clerk, George G. Bull, who was not authorized to administer the oath. The act of 1825 is an act defining the crime of perjury generally; and it is not confined in its operations to acts passed anterior to that time, but is applicable to false swearing under the bankrupt law, as well as in other cases. The bankrupt law must be construed with the act of 1825, as in pari materia. Under the proceedings in bankruptcy, the false swearing charged must be considered as having been done in court. The bankrupt court was always open. Swearing to the petition was a proceeding in court, within the law, and if false, subjects the petitioner to punishment as for perjury. An affidavit to hold to bail, is a proceeding in court, if the oath be administered in the presence of the court, or under its requirements. 7 Term R. 315; 2 Chit. Cr. Law, 312; Rosc. Cr. Ev. 758.

But it is contended that the deputy clerk had no authority to administer the oath. This position is laid down too broadly. Admit that Bull, as deputy clerk, had no authority to swear the defendant to the truth of his petition; yet it will scarcely be contended that he had not the power to do so in the presence of the court, and by its express order.

There is another view of this case which is equally conclusive. The bankrupt court ordered on the 16th of January, 1843, that "during the absence of the clerk, his deputy may receive and file petitions, administer the oath to petitioners, and perform all the duties required of the clerk of this court." The word "deputy," here, is used as descriptive. The power to act is derived from the court. We think that the power to administer the oath to the petitioner was undoubted; and also that the perjury is well assigned, if proved by the evidence.

The demurrer is overruled.

At the same term, on the traverse of the indictment, the defendant was acquitted by the jury.

---

## Case No. 15,880a.

### UNITED STATES v. NINE CASES.

[Nowhere reported; opinion not now accessible.]

[1] [Reported by Hon. John McLean, Circuit Justice.]