## The United States *v.* Evans and others.

*(Circuit Court, W. D. Tennessee. March 29, 1880.)*

RECOGNIZANCE—SCIRE FACIAS—DEFENCE.—Where a recognizance was given for the appearance of a defendant to answer a "charge against him for passing counterfeit money," *held*, that the fact that the indictment was defective could not be asserted as a defence to *scire facias*, upon such recognizance, after forfeiture.

SAME—SAME—SUFFICIENCY OF BOND.—In Tennessee every bond or recognizance that would have been good at common law will be regarded as sufficient statutory bond in any proceeding where it may be questioned.

SAME—EXECUTION OF BOND—PRESUMPTION AS TO ACTION OF CLERK.—
A bail-bond present in the record was executed before a clerk, who wrote
at the foot of it "signed, sealed and acknowledged, and approved by,"
signing his name thereto. It did not appear from the bond or otherwise
that the defendant was brought before the clerk for examination and
bail as a magistrate. The court was in session that day. *Held*, that it
would be presumed to have been taken by the clerk under the immedi-
ate direction of the court.

SAME—POWER TO TAKE—CLERKS.—Courts have inherent power to take
a recognizance. Clerks have such power only by virtue of statute.

*W. W. Murray,* District Attorney, and *John B. Clough,*
Assistant, for the United States.

*Emerson Etheridge* and *W. I. McFarland,* for defendants.

The case was submitted to the court upon the following
agreed statement of facts:

On June 19, 1876, R. L. D. Evans, the defendant, was
twice indicted for passing counterfeit money, Nos. 1,313,
1,314. On May 30 and 31, 1878, he was tried by jury in
one case on a plea of not guilty, resulting in a mistrial. On
May 31, 1878, after the jury were discharged and while the
defendant was under bond for that (the May, 1878) term,
and when no *capais* was outstanding for his arrest, nor any
order for one entered, and when he was in court under said
bond, the said defendant, with his counsel, in open court,
(Judge Trigg presiding,) with his sureties, offered to enter
into recognizances for his appearance at the following No-
vember term, 1878, and was directed by the court to execute
the bond before the clerk of said court, who at that time had
not been appointed one of the commissioners of said court in
addition to his appointment as clerk. In pursuance of the
verbal direction of the court, the bond was executed in the
clerk's office adjoining the court room, in each case. On
January 20, 1879, judgment *nisi* was taken on the bonds, and
on the same day *scire facias* issued. The return of the mar-
shal shows service on W. R. Evans only, the other two not
being found. We agree to the above statement of facts, and
agree that judgment may be pronounced as though an *alias*
writ had been issued and returned *non est inventus* as to the
defendant R. L. D. Evans. We also agree that the defend-

ant William Tinder is deceased, and that H. B. Wilson has been appointed his administrator, and that judgment may be pronounced as though the record showed these facts, and a regular revivor had been had against said administrator, who was regularly in court by proper process. It is also agreed that if a motion to quash the *scire facias* could be sustained, or the *scire facias* be had on demurrer, or on plea of *nul tiel* record or motion in arrest, judgment may be rendered for the defendants; otherwise judgment to be rendered against R. L. D. Evans, W. R. Evans, and H. B. Wilson, administrator of William Tinder, for the sum of $5,000 and costs, in each case in favor of the United States—the whole record to be used and relied on in the argument.

HAMMOND, D. J.   This is a *scire facias* upon a forfeited recognizance submitted upon the foregoing agreed statement of facts and the record of the proceedings in the case. It is first insisted by the defendants that the indictment is bad in not charging the offence to have been committed on a particular date. The caption is "May Term, A. D. 1876," and the offence is alleged to have been committed "on the — day of ———, A. D., 1876." It is urged that for this defect, upon conviction, the judgment would be arrested. Whart. Cr. Law, § 264.   It is denied for the plaintiff that this case falls within that rule, if, indeed, such defence can be made to the *scire facias*, which is also denied.

I express no opinion on the sufficiency of the indictment, for, conceding it to be defective, and fatally so, it is, I think, no defence to this *scire facias*. In the first place the bond did not bind the defendant to answer this indictment, but only a "charge against him for passing counterfeit money." He was bound to appear to answer the charge, whether upon this indictment or some other indictment, or information to be preferred against him. His appearance at court was the thing to be secured, and a further condition was that he should continue in attendance until discharged by the court. He cannot abscond, forfeit his bond, and on the *scire facias* try collaterally the merits of the case upon the sufficiency of the indictment or other matter of defence. The defendant

and his sureties would, by such practice, be allowed to judge of the propriety and utility of his appearance, which cannot be permitted. *State* v. *Adams*, 3 Head. 259; *State* v. *Rye*, 9 Yerg. 386; *U. S.* v. *Reese*, 4 Saw. 629; *U. S.* v. *Stein*, 13 Blatchf. 127; *State* v. *Stout*, 6 Halst. 124.

The defence most relied on is that the clerk had no authority to take this bond, and, having no authority, the *scire facias* must be quashed. It is argued that this *scire facias* must speak by the record, strictly pursue it, and show by it the validity of the bond; that it was taken by a competent officer, and all the jurisdictional facts to support his action; that by this record it appears that the clerk, as of his own authority, took this bail bond, because the minutes of the court do not show that he took it by order of the judge sitting either as an officer authorized to hold to bail, or as a court acting under its general powers in the premises; and that inasmuch as the clerk is not named in the Revised Statutes, §§ 1014, 1015, as an officer authorized to hold to bail, the bond is void. In support of this position many authorities are cited showing how strict the practice was that the *scire facias* must be based on a record showing all the essential jurisdictional facts to support the validity of the proceedings and justify an award of execution. *State* v. *Edwards*, 4 Humph. 226; *State* v. *Austin*, Id. 213; *State* v. *Cherry*, Id. 232; *State* v. *Smith*, 2 Me. 62; *Bridge* v. *Ford*, 4 Mass. 641; *People* v. *Kane*, 4 Denio, 530; *State* v. *Edgarton*, 7 Rep. 122, (Boston, 1879;) Foster's Sci. Fa. 279.

It is to be observed, however, that in Tennessee, since the above cases, these niceties of practice have been abandoned by legislative direction. Act of 1852, c. 256, T. & S. Code, § 5155. By this section "every bond or recognizance deemed good and valid as a common-law bond shall be a good statutory bond, and no defence to any action, or *scire facias*, prosecuted to enforce such bond or recognizance, shall be available unless it would be a legal and valid defence to a suit at common law upon the same." The federal courts are bound, in this matter of taking bail in criminal cases, by the state laws, by express command of the statutes. Rev. St. §§

1014, 1015 and 716; *U. S.* v. *Rundlett,* 2 Curt. 4144; *U. S.* v. *Horton,* 2 Dill. 94, 97. This Tennessee act of the legislature has been construed to be a new dispensation, designed to abolish those "dry technicalities," which were said to have operated as "a judicial pardon of offenders," and to have put statutory bonds and recognizances upon an equal footing with common-law bonds. *State* v. *Quinby,* 5 Sneed, 418.

I think the effect of it is to make this voluntary obligation, however taken, filed in court, to secure the release of one of the obligors, binding, to all intents and purposes, as if taken by a proper officer. I do not wish to be understood as holding that one arrested, and under duress to find bail or stand committed by an officer having no authority to hold to bail, can be lawfully bound to bail upon the judicial determination of an unauthorized officer; but only that, by the operation of this statute, on the agreed facts in this case, this is a voluntary bond, filed of record and accepted by the court having power to take it, and which binds these defendants as if it had been, in all respects, a proper statutory bond or recognizance.

By the influence of the same principle, without any statute, it was held, in *McLean* v. *State,* 8 Heisk. 22, 235, that the approval of a tax collector's bond by a tribunal which had no legal existence, and whose acts were void, did not release the sureties. It was a voluntary obligation, accepted by the state and acted on by all parties, and they would not be heard to say it was taken by an improper officer.

Here the court had power to take a bail-bond and release the defendant; and, while so lawfully in custody before a proper tribunal, he and his sureties executed and filed this bond. It was accepted by the court, or otherwise he could not have been discharged, and after such acceptance and discharge they will not be heard to say that it was not properly acknowledged and approved. This statute was enacted for the very purpose of obviating such objections when made in this class of cases.

But, on the other ground, I am of opinion this defence must fail. It assumes that the clerk acted as a committing

magistrate in taking this bond. There is nothing in the record to show this to have been the case. There is no recital in the bond or elsewhere that the defendant was brought before the clerk for examination and bail by him as a magistrate authorized to hold to bail. He simply wrote at the foot of the bond "signed, sealed, and acknowledged and approved by me," signing his name as clerk of this court, and the bond is indorsed filed by him in the same manner as all other papers are indorsed when filed by whomsoever presented. The bond itself does not show that it was ordered or taken by any officer whatever, but is in the common form, and ample under the statute, T. & S. Code, 5153.

I think the presumption of law is that he acted as clerk, there being nothing to show that he assumed to act as a committing magistrate. The record shows the court was open that day; that defendant was present on trial in court; that there was a mistrial, and the case continued. From all this, and the presence of the bond in the record, it appears by the record that the bond was taken by the clerk under the immediate direction of the court itself. The proof *dehors* the record shows that he did so act in fact. Now it is true the act of February 26, 1853, (10 U. S. St. 163,) in terms, gave the clerks power to administer oaths, take acknowledgments, etc., and that this provision has not been carried into the Revised Statutes. I doubt if that act would authorize a clerk to act as committing magistrate and hold to bail. Recognizances cannot be taken by an officer out of court without a commission or statutory authority. Viner's Abridg., title "Recog. A 13." But they could always be taken in courts by virtue of the inherent power to do so. Id. and Bac. Abridg., title "Bail." And one of the clerks of the enrollment, or a deputy, is to attend the acknowledging, vacating, etc., of all deeds and recognizances. Vin. Ab., title "Recog. A, 15." A clerk has no statutory power to administer oaths, yet he or his deputy may do it. All such acts are done by him in his ministerial capacity, presumably in the presence of the court, and by its express order. *U. S.* v. *Nichols,* 4 McLean, 23; *U. S.* v. *Babcock,* Id. 115.

I have no difficulty in holding, therefore, that, without any statutory authority, the clerk may take the acknowledgment and justify the obligors to a bail-bond when required by the court to do so.

Judgment for the plaintiff.