## VAN DUZEE *v.* UNITED STATES.

*(District Court, N. D. Iowa, E. D.* November Term, 1891.)

**1. CLERKS OF COURT—FEES—FILING DISCHARGES OF WITNESSES.**
The clerks of the federal courts are entitled to fees for filing the discharges given by the district attorney to witnesses for the government, since Rev. St. U. S. § 877, provides that such witnesses shall not depart without leave of the court or the district attorney, and it is the approved practice to give them written discharges for use in drawing their pay from the marshal.

**2. SAME—FILING RECEIPTS.**
Although there is no law expressly requiring the clerks of the federal courts to take receipts from the United States collector for fines paid by persons sentenced for violation of the internal revenue laws, yet, as such receipts are necessary for the proper settling of the accounts of both clerks and collectors, they are papers, within the meaning of Rev. St. U. S. § 828, cl. 3, giving fees to the clerks for filing "a declaration, plea, or other paper."

**3. SAME—REPORT ON ACCOUNTS.**
Under the rule of court requiring the district attorney to examine the accounts of the marshal, clerk, and commissioners, and make a written report thereon to the court, such report, though not required by statute, becomes a part of the records of the court; and the clerk is entitled to a fee for filing the same.

**4. SAME—CERTIFICATE OF ALLOWANCE OF ACCOUNTS.**
Act Cong. Feb. 22, 1875, requires the accounts and vouchers of the marshal, clerk, and district attorney to be made out in duplicate, the original to be forwarded to Washington, and the duplicate to be retained by the clerk; the papers forwarded to be accompanied by a certified copy of the order of allowance. *Held,* that the latter paper is no part of the vouchers required to be made in duplicate, and hence the clerk is not entitled to a fee for duplicates thereof.

**5. SAME—ENTRIES OF SUBMISSION AND APPROVAL OF ACCOUNTS.**
Under Act Cong. Feb. 22, 1875, requiring the official accounts to be presented to the court in the presence of the district attorney or his assistant, it is necessary

that an entry should be made, showing such submission; and the clerk is entitled to a fee for making the same, as well as for entering the subsequent order of approval or disapproval.

**6. SAME—DRAWING JURIES.**

The clerk is entitled to compensation for services rendered in procuring the names of persons to serve as jurors, and in drawing the juries for the terms of court in the district. *Goodrich* v. *U. S.*, 42 Fed. Rep. 392, followed.

**7. SAME—DUPLICATE VOUCHERS OF ACCOUNTS.**

The clerk is entitled to fees for filing the vouchers and duplicates accompanying the accounts of the marshal, since, by the instructions of the department of justice, he is required, when sending forward the originals, to certify that duplicates thereof are on file in his office.

**8. SAME—COPY OF BAIL-BOND.**

Rev. St. U. S. § 1018, authorizes the sureties on a bail-bond to arrest their principal, and to deliver him to the marshal before a judge or committing officer, and requires the latter, on request of the sureties, to enter their exoneration upon the recognizance or a certified copy thereof. *Held*, that the clerk is not entitled to a fee from the government for making a certified copy for this purpose, as the sureties themselves should pay him for the same.

**9. SAME—ISSUING WARRANT TO BRING PRISONER FROM JAIL.**

Under Rev. St. U. S. § 1030, a formal warrant is not necessary to authorize a marshal to bring a prisoner confined at Sioux City to Ft. Dodge for trial; and the clerk is not entitled to a fee for issuing the same.

**10. SAME—INDICTMENT—COPY FURNISHED TO ACCUSED.**

The clerk is entitled to a fee for a certificate and seal to a copy of an indictment furnished to the defendant under the rule of court, as it is the usual practice to certify copies of all parts of the record furnished by the clerk.

**11. SAME—INDORSING APPROVAL OF RECOGNIZANCES.**

As it is the duty of the clerk to approve recognizances in criminal cases, his indorsement of approval thereon, in accordance with the usual practice, is the making of an entry or certificate, within the meaning of Rev. St. U. S. § 828, allowing a fee of 15 cents per folio for such entries.

**12. SAME—PAYING JURORS.**

The clerk is entitled to fees for administering the oath to jurors, both grand and petit, when they prove up their attendance before him; for the issuance of a certificate to each juror showing the number of days' attendance and the miles traveled, as a basis for the marshal's payment; for entering the order requiring the marshal to pay the jurors, and for making copies thereof for the marshal; and for making a report to the court of the *per diem* and mileage due the jurors,—since all these acts are required by the rule of court, and are useful checks upon the accounts of both officers.

**13. SAME—ORDER FOR DRAWING JURORS.**

The clerk is entitled to fees for the certificate and seal attached to the copy of the order for drawing juries, under the provisions of the statute and rules of court, as this is the proper method of furnishing that officer with evidence of the court's order.

**14. SAME—FINAL ENTRIES IN CRIMINAL CASES.**

According to the settled practice in Iowa, the final entries in criminal cases should contain the following papers, for which the clerks of the federal courts in Iowa are entitled to folio fees: The commissioner's order for appearance before the grand jury; the entry showing the due presentment of the indictment by the grand jury; the indictment; the bench-warrant, and return thereon; the arraignment and plea; the entry showing trial and verdict; the sentence and final orders, such as granting new trial, modifying or suspending sentence, or directing manner and place of executing it: the *mittimus* and return showing the execution of the sentence; and the entry of satisfaction when a fine is paid. But it should not contain the bail-bonds or entries of default and forfeiture thereof, the orders for attachments of witnesses who fail to appear, the attachments themselves, or the return thereon.

**15. SAME—SWEARING WITNESSES.**

The docket fee of three dollars in criminal cases does not include compensation for swearing the witnesses, and the clerk is entitled to the statutory fee therefor.

**16. SAME—COPY OF SENTENCE.**

Code Iowa, § 4515, requires that when a prisoner is committed to the custody of a jailer the latter shall be furnished with a certified copy of the entry of judgment. *Held* that, when a prisoner is committed to the state jail under the sentence of a federal court, it is the duty of the clerk to furnish such certified copy and he is entitled to the statutory fee therefor.

**17. SAME—COPIES OF INDICTMENTS.**
When the clerk, upon the written order of the district attorney, furnishes him with copies of indictments containing numerous counts against the officers of a national bank, and it clearly appears that such copies are necessary for the proper preparation of the government's case, the clerk will be allowed folio fees therefor.

**18. SAME—MITTIMUS.**
When a prisoner is ordered to be confined until his fine is paid the clerk is entitled to fees for issuing the *mittimus*, for filing the same when returned by the marshal, and for entering his return thereon.

**19. SAME—VOUCHERS.**
The order of the court of the northern district of Iowa, directing the marshal to procure the necessary record books for the Cedar Rapids division of the district, constituted the proper voucher for his expenditures; and, as he is required to file with the clerk a duplicate of all vouchers which accompany his account, the clerk was entitled to fees for furnishing duplicates of the order.

At Law. Statutory action by A. J. Van Duzee, as clerk of United States court, to recover fees for certain services. On demurrer to petition.

*A. J. Van Duzee, pro se.*

*M. D. O'Connell,* U. S. Dist. Atty., and *De Witt C. Cram,* Asst. Dist. Atty., for the United States.

SHIRAS, J. Attached to the petition in this cause is an itemized account of the work done and services rendered for which the plaintiff seeks to recover judgment. The demurrer presents the question whether the items included in the account come within the classes of service for which the plaintiff, as clerk of the court, is entitled to compensation from the United States.

1. The first question arises on a charge for filing the discharges given to witnesses summoned on behalf of the government by the district attorney. Section 877 of the Revised Statutes requires that witnesses summoned to attend court on behalf of the United States shall be subpœnaed generally, and not in a particular case, and that they must not depart from the court without leave of the court or of the district attorney. Under the rule of this court, before a witness can obtain his pay from the marshal, he is required to obtain from the clerk a certificate showing the number of days of attendance and mileage to which he is entitled; and, to properly prepare this certificate, the clerk must know the day on which the witness is discharged from attendance, and also the fact that he has obtained the proper leave from the district attorney. It is and has been the settled practice for years, in this district, for the district attorney to furnish to the witness a written discharge, which is filed with the clerk, and upon which in turn the clerk bases the certificate which he gives the witness as evidence for the guidance of the marshal in paying the witness the sum due him. There can be no possible question that it is the duty of the district attorney to furnish the written discharge as evidence of the leave granted the witness to depart from the court; and no reason is perceived why it is not the duty of the clerk to file and preserve this discharge, for his own protection, and for that of the witness. If a witness duly summoned and in attendance should depart without leave of the court, or of the district attorney, he could be liable for contempt; and hence it is entirely proper that the files of

the court or the records should show that leave had been granted. If a witness should apply, under the statute, to the court for leave to depart, and the same should be granted, the record would contain an entry to that effect; and for the making the same the clerk would be entitled to his fee. When the leave is granted by order of the district attorney, the discharge should be filed, so as to be preserved as part of the record of the proceed·ngs of the court, and in either case the clerk is entitled ·to the statutory fee for making the record by filing the discharge.

2. The second item in dispute is the charge for filing receipts of the United States collector for fines paid in or collected from persons sentenced for violation of the internal revenue laws. Under the regulations of the treasury department, the clerk is required to pay all fines collected in revenue cases to the collector of the proper district. As evidence of the receipt thereof, the collector executes written receipts, which operate in the double capacity of evidence showing that the collector has become liable to account for the money thus received, and as evidence that the clerk has performed his duty of payment to the proper officer.. The argument in support of the demurrer to this class of items is that there is no law requiring the taking or filing such receipts, and therefore the same are not "papers," within the meaning of the third clause of section 828 of the Revised Statutes. It certainly cannot be possible that the government seeks to have it declared to be the law that the clerk is not required or expected to take receipts for moneys thus paid to the collectors. It cannot be that the department would be satisfied with a practice of the clerk paying hundreds of dollars to the collectors without any written evidence being taken of such payments. The proposition is its own refutation; and it is entirely clear that it is the duty of the clerk, when these payments are made, to take proper receipts from the collectors, not only as evidence for his own protection, but as evidence on behalf of the government showing that the collector has become liable for the amounts thus paid him. Such receipts are not the private property of the clerk, but should be kept in his office as part of the official papers, there to remain for the benefit of the government, and as evidence useful in settling the accounts of the clerk and accounts of the collectors; and as such they form part of the record of the particular cases in which the fine has been collected and paid· over. Such receipts are part of the papers connected with the case, are properly filed as such, and for such filing the .clerk is entitled to the statutory fee.

3. The next item in dispute is the fee charged for filing the written reports made by the district attorney in regard to the accounts of the marshal, clerk, and commissioner. By a rule of this court, duly adopted and spread upon the record, it is provided that, when the reports of the officers named are filed, they must be submitted to the district attorney for his examination, and he is required to make to the court a written report of the result of such examination. The argument made in support of the demurrer, that the act of February 22, 1875, does not call for a written report from the district attorney, does not

meet the question. This court has the right to adopt rules for the conduct of the business before it; and, as already stated, it has adopted a rule requiring the district attorney to make an examination of the accounts of officers, and to report thereon in writing. The accounts of officers are voluminous, and require that kind of examination that cannot be well given them in open court. The requirements of the rule of court are in addition to those of the act of 1875, and are intended as an additional safeguard against the allowance of illegal fees. Under the rule, it is the duty of the district attorney to make a written report of the result of his examination of each account, and it is the duty of the clerk to file such report when made. The report is a paper lawfully filed as part of the record of the court, and the clerk is therefore entitled to the usual fee for such filing.

4. The next items demurred to are the charges made for duplicate copies of the orders of court approving the accounts of the marshal, clerk, and district attorney. The act of February 22, 1875, requires that the accounts of the officers named, and the vouchers belonging thereto, shall be made in duplicate; the original to be forwarded to Washington, and the duplicate to be retained by the clerk. In order to entitle the original to consideration and allowance by the department, it is required that duly certified copies of the orders of allowance by the court shall accompany the accounts. Yet these orders do not form part of the accounts and vouchers of which a duplicate is required to be left with the clerk. The "duplicate" named in the act is the duplicate of the accounts and the vouchers, and does not include the orders of the court. To these items the demurrer is sustained.

5. The fee charged for entering upon the record the fact of the submission of official accounts to the court is demurred to on the theory that the act of February 22, 1875, only required the entry of the order of approval or disapproval. The usual practice is that in accordance with the requirements of the statute the account is presented to the court in the presence of the district attorney or his assistant, and is supported by the oath of the party. Thereupon the court, as soon as possible, examines the account in detail, and then makes the final order. The necessary examination precludes the entering the order of approval at the time of the entry of the fact of submission in open court, and hence the need of the two entries. The act of 1875 requires that the record shall show that the district attorney or his assistant was present in court when the account is submitted, and hence there must be a record entry of the fact of the presentation of the account in open court in presence of the attorney; and the statute further requires a record entry of the final order of approval or disapproval. The clerk has no control over these matters. If the court receives the presentation of the account upon one day, it is the duty of the clerk to make the proper entry of that fact in the proceedings of that day; and then when the court, upon another day, renders its decision, and orders the approval of the account, the clerk must make the proper entry thereof. For such entries he is entitled to the proper fees.

6. The next point arising upon the demurrer is whether the clerk is entitled to compensation for services rendered in procuring names of parties to serve as jurors, and in drawing the juries for the term of court in the district. This question has been adjudged in this circuit in favor of the right of the clerk to compensation for such services. See opinion of Judge CALDWELL in *Goodrich* v. *U. S.*, 42 Fed. Rep. 392. Relying upon the ruling in that case, the demurrer will be overruled to these items of charge in the present cause.

7. Exception is next taken to the charge made for filing the duplicate vouchers accompanying the accounts of the marshal. These accounts and vouchers pass under the control of the clerk, as they are required to be presented to the court in the first instance; and then, upon approval, the clerk is required to forward the original account and the original vouchers to the department at Washington, and to retain the duplicates. In the instructions issued by the department of justice to the clerks, (see Register of 1886, p. 265,) the clerk is required to certify, when forwarding the original of the accounts and vouchers, that the duplicates thereof are on file in his office. These papers are therefore matters that are to be filed, and under the ruling of BREWER, J., in *Goodrich* v. *U. S.*, 35 Fed. Rep. 193, the clerk had the right to file each paper, and to make the statutory charge therefor.

8. The next item demurred to is a charge for a certified copy of a recognizance in a case wherein the sureties thereon caused the rearrest of the party under indictment. Section 1018 of the Revised Statutes authorizes the sureties to arrest their principal, and, before a judge or committing officer, to deliver him to the marshal; and, at the request of the bail, it is made the duty of the judge or committing officer to enter upon the recognizance, or a certified copy thereof, the exoneration of the bail. Under this section, it would seem to be the duty of the bail to procure and pay for the certified copy of the recognizance in case they desired to have the exoneration indorsed thereon. To authorize the rearrest of the principal, and his delivery to the custody of the marshal, it is not necessary that the recognizance, or a copy thereof, should be procured in the first instance; and need therefor does not arise unless the bail desires to ask the entry of discharge thereon. The copy made is not furnished to the marshal as evidence of his right to receive the prisoner, for that is based upon the action of the sureties taken before the judge or officer; but it is furnished the sureties in order that they may, if they choose, have entered thereon a discharge of liability. The clerk is entitled to demand a fee from the bail when they demand a copy, but such fee is not a proper charge against the United States.

9. The demurrer must also be sustained to the charge for issuing warrant to the marshal to bring a prisoner confined at Sioux City to Ft. Dodge for trial. Strictly, under section 1030 of the Revised Statutes, a formal writ or warrant for that purpose was not needed; and, treating the warrant as in fact a copy of the order for bringing the prisoner to Ft. Dodge, no fee is chargeable therefor under the provisions of the section just cited.

10. Exception is also taken to the charge for certificate and seal attached to the copy of the indictment furnished on demand to the defendant in the case of *U. S.* v. *Parquette* under the provisions of the standing rule of this court. It was the duty of the clerk to furnish the copy; and it is the usual rule that copies of all parts of the record, when furnished by the clerk, shall be duly certified to by the clerk. The charge is allowed.

11. The next item excepted to is the folio charge for the approval by the clerk of recognizances given in certain criminal cases. It is the duty of the clerk to approve these bonds, and it is the practice to evidence such approval by a written entry or certificate of approval upon the face or back of the bond. This is the making of an entry or certificate, within the language of section 828 of the Revised Statutes; and the folio fee of 15 cents is chargeable therefor.

12. The next class of items to which exception is taken is that including charge for administering the oath to jurors, grand and petit, when they are proving up their attendance before the clerk, for the issuance of a certificate to each juror showing the number of days he has attended court, and the number of miles traveled, as the basis for the action of the marshal in making payment to the jurors; for entering order directing the marshal to pay the jurors; for making copies of such order for the marshal; and for making report to the court of the *per diem* and mileage due the jurors,—as the evidence upon which the court relies in making the order for payment. The clerk is required to perform these services in carrying out the requirements of the rule adopted by the court regulating the manner in which proof of the amounts due jurors is to be furnished. When the jurors are discharged from further attendance, the rule requires them to go to the clerk, and, upon a proper book prepared by him, to enter their names, places of residence, days of attendance, and number of miles of travel; and, as evidence of the correctness thereof, they are required to make oath thereto. Thereupon the clerk makes out and furnishes to each party a certificate showing the days of attendance and miles traveled and the amount due. This certificate is submitted to the marshal, and thus he is furnished with a check upon the juror. When the account of the marshal is made out for submission to the court, the rule requires that it shall be first submitted to the clerk, who is required to compare the payment made with the facts appearing on his book or record; and, if they agree, he is required to make a certificate of that fact upon the account of the marshal. Thus there is put in operation a check upon the juror, and also upon the marshal; for his account will not be approved unless it agrees with the clerk's record. The court is also required to make an order directing the payment of the sums due the jurors; and as the basis therefor the clerk is required to make a report to the court of the names of the jurors, and the amount due them. Thus it is made the duty of the clerk to perform each act for which the fee is charged; and, as they are all services of a character for which the fee-bill provides payment, the clerk is entitled to pay therefor.

13. Exception is also taken to the charge for certificate and seal attached to copy of order furnished the jury commissioner, directing the drawing of juries under the provisions of the statute and rules of court. It is the proper practice to furnish to the commissioner the evidence of the order made by the court, requiring him to aid in summoning a jury; and what better mode for so doing can be suggested than by sending him a certified copy of the order? The charge is therefore allowed.

14. Exception is next taken to the folio fee charged for making final entries in a number of criminal cases. The purpose of the final entry is to bring together in compact form upon the record the evidence of the material steps taken in the given case. Under the rule and settled practice in Iowa, there should be included, of the items claimed in the account attached to the petition herein, in the final entry, the commissioner's order for appearance before the grand jury; the entry showing the due presentment of the indictment by the grand jury; the indictment; the bench-warrant, and return thereon; the plea of defendant, including arraignment; the entry showing trial and verdict; the sentence and final order or orders of the court, such as order granting new trial, or modifying or suspending sentence in whole or in part, or directing mode or place of carrying into effect the sentence imposed; the *mittimus* and return of the officer showing the execution of the sentence; and the entry of satisfaction, when the sentence by way of fine is paid. The final entry should not include the bail-bonds; the entry of default, and forfeiture thereof; orders of attachments for witnesses who may fail to appear; the attachment and return, and the order made thereon. These do not constitute any part of the proceedings against the defendant named in the indictment, although they grow out of it, and hence are not proper parts of the final entry or record.

15. Exception is taken to the charge for administering the oath to witnesses in criminal cases, it being argued that the docket fee of three dollars includes services of this nature. The fee-bill (section 828) expressly provides for a fee of 10 cents for administering oaths; and in *Van Duzee v. U. S.*, 140 U. S. 199, 11 Sup. Ct. Rep. 941, it is expressly held that the docket fee of three dollars is intended to cover the entry of the case, indexing, making minutes on calendar, and such other incidental services as are not covered by other clauses of the statute. The administering an oath is a service for which compensation is expressly provided by another clause of the statute; and the fee therefor is properly chargeable.

16. Objection is also made to the charge for certificates and seals to copies of the sentence, and order based thereon, in cases wherein a prisoner is sentenced to imprisonment, and an order is made fixing the place wherein the sentence is to be carried out. Section 1028 of the Revised Statutes provides that when a prisoner is delivered to a sheriff or jailer under a writ, warrant, or *mittimus*, a copy thereof shall be left with such sheriff and jailer, and the marshal's return shall be made on the original. The statutes of Iowa (section 4515, Code) require that when a prisoner is committed to the custody of a keeper of a jail or

prison a certified copy of the entry of the judgment shall be furnished him. Certainly it is the proper practice, when prisoners are committed to a state jail under a sentence of a court of the United States, that there shall be furnished to the jailer the evidence which the state statute requires him to demand before he will receive a prisoner under his custody. The copy of the judgment entry shows the terms of the sentence, and the order shows where the sentence is to be carried out, which is a necessity in case of sentence in the federal courts. These copies, when delivered to the jailer, are the evidence upon which he relies as proof of his authority to hold the prisoner in custody. Clearly, therefore, the copies should be certified to; and thus the jailer has furnished him that which, on its face, bears evidence of its official character. The copies in question constitute the *mittimus* required by section 1028 of the Revised Statutes, and the jailer is entitled to demand an official copy thereof before he can be required to assume the charge of the prisoner; and this requires that the clerk shall make the proper certificate, with his official seal attached, and for so doing he then becomes entitled to the statutory fee.

17. Exceptions are next taken to the folio fees for making copies of certain indictments, and certifying the same, at the request of the district attorney. These indictments were found against certain officers of a national bank, and contain many counts. The charge therefor was allowed by the court when the clerk's account was originally passed on, because the court knew the character of the cases, the large number of counts in the indictments, and that, to enable the district attorney to prepare the causes for trial, it was absolutely necessary that he should have, for his own use, a copy of the indictments, which set forth in detail the various acts counted on as violations of the banking act. The facts upon which the allowance was made clearly proved the need of furnishing to the district attorney the copies charged for; and as the services were rendered by the clerk in aid of prosecutions instituted by the government, and upon the written order of the district attorney, the court, in passing upon the account of the clerk, allowed the folio fee for the copies, and the fee for the certificate and seal, and also for filing the written order or *præcipe*. The ruling then made is now affirmed.

18. Exception is also taken to the fee charged for issuing a *mittimus* in cases wherein the defendant is ordered to be imprisoned until the fine be paid, and for filing same when returned by the marshal, and for entering his return thereon. The *mittimus* is the warrant issued to the marshal, directing him to commit the defendant to custody as required by the sentence, without which the marshal would not be justified in committing the defendant to jail; and its issuance and return are necessary steps in carrying out the judgment or sentence of the court. The fees charged for these services are therefore allowed.

19. The last item demurred to is the charge for making duplicate copies of the order of the court, directing the marshal to procure the necessary record books for use in the Cedar Rapids division of this district. These copies of the order are in themselves vouchers for the ben-

efit of the marshal. He is entitled to a certified copy of the order of the court as the evidence of his authority to procure the requisite books, which forms part, at least, of the papers which vouch for the proper outlay made by him in this particular, and he is required to file with the clerk a duplicate of all vouchers which accompany his account, and hence the need for duplicate copies of the order made.

The total sum sued for is $714.40. Under the conclusion reached as herein announced, the clerk is entitled to $666.90, the remainder of the sum total being disallowed; and judgment will therefore be entered for said amount of $666.90.