EASTERDAY et al. v. McCARTHY, United States Marshal.

(Circuit Court of Appeals, Second Circuit. February 13, 1919.)

No. 162.

1. CRIMINAL LAW ⬳108(1)---CONSPIRACY—VENUE—OVERT ACT.
  The venue of conspiracy may be laid wherever an overt act is committed, under Criminal Code, § 37 (Comp. St. § 10201), making the commission of an overt act necessary to the offense, as well as at common law, though some of the indicted defendants were never in that district.

2. DISTRICT OF COLUMBIA ⬳4—APPLICATION OF CRIMINAL CODE.
  The Criminal Code is a general act, and is coextensive with federal jurisdiction, unless otherwise specifically directed, and applies to the District of Columbia.

3. CONSPIRACY ⬳28—VIOLATION OF CODE OF DISTRICT OF COLUMBIA—"OFFENSE AGAINST UNITED STATES."
  A conspiracy to violate Code of Law D. C. §§ 869a, 869b, enacted by Congress March 1, 1909, is a conspiracy to commit an offense against the United States, within Criminal Code, § 37 (Comp. St. § 10201).

  [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Offense against the United States.]

4. CRIMINAL LAW ⬳242(2)—FEDERAL PRACTICE—REMOVAL OF ACCUSED.
  Rev. St. § 1014 (Comp. St. § 1674), authorizing the removal of persons indicted for offenses to the district where trial is to be held, authorizes removal to the District of Columbia.

Appeal from the District Court of the United States for the Southern District of New York.

Petition by Wilen W. Easterday and others against Thomas D. McCarthy, as United States Marshal, for writs of habeas corpus. From orders of the District Court (250 Fed. 800), discharging writs previously issued, petitioners appeal. Affirmed.

Geo. A. Knobloch, of New York City, for appellant Vause.

Walter E. Warner, of New York City, for appellants Easterday, Wheeler, and Kinnier.

Francis G. Caffey, U. S. Atty., and Benjamin P. De Witt, Asst. U. S. Atty., both of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. By the Code of Law of the District of Columbia, §§ 869a, 869b, enacted by Congress March 1, 1909 (35 Stat. 670, c. 233), it is a criminal offense to keep a "bucket shop" within the District. No statute, applicable solely to the District creates or defines the offense of conspiracy. The relators appellants may (for purpose of argument) be assumed never at any time to have been within said District.

The Criminal Code of the United States (Act March 4, 1909, c. 321, 35 Stat. 1088), does create and define the crime of conspiracy in its section 37 (Comp. St. § 10201), and therein declares two or more persons guilty of the crime, if they "conspire * * * to commit any offense against the United States."

The grand jury of the District found indictment against those four appellants for a conspiracy to keep a bucket shop in Washington, setting forth as overt acts transactions occurring in that city, and constituting "bucketing," as defined or described in Joslyn v. Downing, 150 Fed. 318, 80 C. C. A. 205, and Bailey v. Phillips (C. C.) 159 Fed. 537.

The accused were arrested in New York on warrants charging a violation of Criminal Code, § 37, and held under section 1014, Revised Statutes (Comp. St. § 1674), for removal to the District of Columbia, whereupon they applied for these writs, because (1) they had never been in the District, (2) the indictment charged no crime against the United States, and (3) therefore section 1014 Revised Statutes was not applicable. These propositions evince more boldness than merit.

[1] 1. The doctrine of Rex v. Bresac, 4 East, 164, to the effect that venue in conspiracy may be laid wherever an overt act is committed, has long received general acquiescence (Bishop New Criminal Procedure, vol. 1, § 61; Wharton Criminal Law [10th Ed.] vol. 2, § 1397), and the decision was approved in Hyde v. United States, 225 U. S. 365, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. The construction of the conspiracy section (37) there announced, making the commission of an overt act necessary to constitute the statutory offense, does not impugn the rule of common law, and does make it (if possible) clearer than before that one who, with others like minded, causes an overt act to be committed in any jurisdiction, is liable to indictment for conspiracy in that jurisdiction. See, also, Ex parte Hoffstot (C. C.) 180 Fed. 240, affirmed 218 U. S. 665, 31 Sup. Ct. 222, 54 L. Ed. 1201.

[2] 2. The assertion that no offense is charged against the United States demands assent to at least one of two propositions: Either keeping a bucket shop in Washington is not a federal crime, or the Criminal Code, and therefore section 37, has no application to the District of Columbia.

The District is and always has been a part of the United States (Downes v. Bidwell, 182 U. S. 260, 21 Sup. Ct. 770, 45 L. Ed. 1088), under the exclusive jurisdiction of Congress (Shoemaker v. United States, 147 U. S. 298, 13 Sup. Ct. 361, 37 L. Ed. 170). Any and every criminal offense is a violation of sovereignty, and there is no other sovereign in or over the District, except the United States.

The Criminal Code is a general act, and is therefore coextensive with federal jurisdiction, unless otherwise specifically directed. It is therefore plainly applicable to the District, as was assumed in the Hyde Case, supra. And as to the preceding statute—Revised Statutes, § 5440 (Comp. St. § 10201)—see Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392.

[3] That an offense against the District Code of Law is an offense against the United States necessarily flows from the fact that it was the nation through its Congress that made the law and denounced the crime.

[4] 3. That Revised Statutes, § 1014, is applicable to removals to the District of Columbia, is too well settled to justify discussion. Benson v. Henkel, 198 U. S. 1, 25 Sup. Ct. 569, 49 L. Ed. 919; United

States v. Campbell (D. C.) 179 Fed. 762; United States v. Wimsatt (D. C.) 161 Fed. 586. Anything to the contrary—In re Dana (D. C.) 68 Fed. 886—must be regarded as error.

Orders affirmed.