## Ex parte SALINGER.

(Circuit Court of Appeals, Second Circuit. March 13, 1923.)

No. 206.

1. **Habeas corpus** �köö66—**Court may issue certiorari as auxiliary.**

    The District Court has power to issue a certiorari as auxiliary to a writ of habeas corpus.

2. **Habeas corpus** �köö113(12)—**Issuance of certiorari is discretionary, and refusal not assignable as error.**

    The issuance of certiorari as auxiliary to habeas corpus is wholly discretionary with the District Court, and its refusal is not assignable as error.

3. **Habeas corpus** �köö4—**Cannot be used to obtain review as on writ of error.**

    Habeas corpus cannot be used, either in the District Court or in the Circuit Court of Appeals, to obtain a review such as might be had on writ of error.

4. **Habeas corpus** �köö92(1)—**Removal proceedings can only be reviewed on habeas corpus, and not in detail as on direct appeal.**

    Habeas corpus, which inquires only into authority or jurisdiction, is the only remedy for review of proceedings to remove defendant to

---

⊨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

another district, and such proceedings cannot by indirection be reviewed in detail as on direct appeal.

**5. Criminal law ⟨⟩242(4)—Habeas corpus ⟨⟩27—Valid objection to removal proceedings that indictment was found without jurisdiction, and objection is available on habeas corpus.**

It is a vital objection to removal of a defendant to another district, under Rev. St. § 1014 (Comp. St. § 1674), for trial under an indictment, that the indictment was found by a grand jury without jurisdiction, and the objection is available on habeas corpus.

**6. Indictment and information ⟨⟩7—May be found by grand jury of division of district other than that in which offense was committed.**

An indictment may be found by a grand jury for a division of a district other than that in which the offense is charged to have been committed.

**7. Indictment and information ⟨⟩7—Indictment for fraudulent use of mails may be found in district where letters delivered.**

An indictment under Criminal Code, § 215 (Comp. St. § 10385), for using the mails in furtherance of a scheme to defraud, will lie in district where letters, such as are referred to in the statute, are delivered by the post office or taken out of the post office.

**8. Criminal law ⟨⟩109—Presence in jurisdiction at date of offense not always essential to venue.**

In many crimes it is not an objection to venue that accused was not at the date of the alleged offense physically within the indicting jurisdiction.

**9. Bail ⟨⟩80—Defendant is in custody of sureties, and may be summarily arrested by them on forfeiture of bond.**

Though one giving bail remains in a sense in the custody of the law, he is more particularly in the immediately responsible custody of his sureties, and forfeiture of the bond authorizes them to arrest him summarily, and even by breaking and entering, anywhere in the United States.

**10. Criminal law ⟨⟩242(1)—Statute provides only remedy for removal of defendant, though he has forfeited bail.**

The only remedy of the United States for removal of a defendant to another district is under Rev. St. § 1014 (Comp. St. § 1674), though he has forfeited his bail.

**11. Criminal law ⟨⟩242(7)—Forfeiture of bail may be considered in removal proceeding, but otherwise has no effect.**

In proceeding to remove a defendant to another district for trial, the fact that he has forfeited his bail, and that a bench warrant has been issued is relevant for consideration in ascertaining the propriety of removal, but has no other effect.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by B. Salinger, Jr. From an order discharging the writ, and remanding the petitioner for removal under Rev. St., § 1014 (Comp. St. § 1674), petitioner appeals. Affirmed.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

Gilbert, Campbell & Barranco, of New York City, Louis H. Salinger, of Carroll, Iowa, Wade H. Ellis, of Washington, D. C., and William P. McCool, of New York City, for appellant.

William Hayward, U. S. Atty., and Maxwell S. Mattuck, Asst. U. S. Atty., both of New York City, opposed.

HOUGH, Circuit Judge. A grand jury for the Western division of the district of South Dakota found an indictment against Salinger for

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

violation of Criminal Code, § 215 (Comp. St. § 10385); i. e., for devising a scheme to defraud, and for the purpose of executing the same placing a letter (or other enumerated written or printed matter) in an authorized depository for mail matter to be sent or delivered by the post office establishment of the United States.

Salinger is accused by indictment of conducting his alleged scheme to defraud in and from Sioux City, Iowa, of which state he avers himself to be a citizen and resident. The venue of the indictment was laid in South Dakota, because the letters or circulars sent in the execution of the scheme were intrusted to the post office for delivery in South Dakota and were so delivered. The places enumerated in indictment to which such letters or circulars were sent, and where they were delivered, are in the state and district of South Dakota but not in the Western division thereof.

Salinger gave bail for his appearance before the District Court for South Dakota; that bail he forfeited; a bench warrant then issued against him; he was found in the Southern district of New York, was there arrested, and ordered for removal. This habeas corpus followed. The practice pursued requires some comment. After the relator had been held for removal, he not only took out the usual habeas corpus, but applied for a writ of certiorari, and on taking this appeal he has settled what is called a bill of exceptions.

[1, 2] There was ample power in the District Court to issue a certiorari as an auxiliary to the habeas corpus; but the matter is wholly discretionary. Refusal so to do is not assignable for error (Hyde v. Shine, 199 U. S. 62, 125 Sup. Ct. 760, 50 L. Ed. 90), and in cases of this nature the writ is useless and cumbersome.

[3, 4] We think that certiorari was used for the same purpose that something called a bill of exceptions was prepared, viz. to obtain on this appeal a review such as might be given on a writ of error. Habeas corpus cannot be used for such a purpose, either in the District Court or in this court. United States v. Power (C. C. A.) 279 Fed. 735. Nor by indirection can removal proceedings be reviewed in detail, in like manner as they would be, were a direct appeal permitted. Habeas corpus, which inquires only into authority or jurisdiction, is the only remedy. Murray v. United States (C. C. A.) 273 Fed. 522.

It follows that we have no power, if we were so disposed, to consider many of the relator's objections to facing a petit jury in South Dakota. The scope of inquiry by habeas corpus into proceedings under Rev. St. § 1014 (Comp. St. § 1674), has long been settled in this circuit (Price v. McCarty, 89 Fed. 84, 32 C. C. A. 162), where (inter alia) it was held that, though the indictments found in the District Court to which the prisoner is to be removed do not sufficiently or correctly as to matters of form allege the offense, the warrant is not thereby vitiated, nor is removal erroneous. Such questions may properly be left to the disposition of the court by which the offender is to be tried. Indeed, it was there pointed out that the statute does not even in terms require that an indictment shall have been found. Greene v. Henkel, 183 U. S. 249, 260, 22 Sup. Ct. 218, 46 L. Ed. 177. And

to the same effect Hyde v. Shine, supra, 199 U. S. at page 83, 25 Sup. Ct. 760, 50 L. Ed. 90.

[5, 6] It is a vital objection, and one available under this writ, that the indictment was found by a grand jury without jurisdiction. Relator accordingly avers that, since the offense, if committed at all, was not committed in the Western division of South Dakota, but elsewhere in that district, no grand jury for the Western division could find this indictment. The point is one of mere form; but we have no inclination to differ from Biggerstaff v. United States (C. C. A.) 260 Fed. 926, wherein it was distinctly held that an indictment might be found by a grand jury for a division of a district other than that in which the offense was charged as having been committed.

[7] Another and proper objection under habeas corpus is the fundamental one that no indictment will lie under section 215 in that district where letters, or the like, such as are referred to in the statute, are taken out of the post office or delivered by the post office. That such an indictment will lie was held in Moffatt v. United States, 232 Fed. 522, 146 C. C. A. 480, and it is interesting to note that the indictment in this case seems in form to be a mere copy of the Moffatt indictment. Again, we are not disposed to differ on this question from the Court of Appeals for the Eighth Circuit, and we may point out that, remembering the close analogy between a charge of conspiracy and one for a scheme to defraud, the case of Brown v. Elliott, 225 U. S. 392, 32 Sup. Ct. 812, 56 L. Ed. 1136, is instructive. (Cf. Hyde v. U. S., 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

[8] Nor is it in many crimes an objection to the venue of an indictment that the party accused was not at the date of the alleged offense physically within the indicting jurisdiction. Easterday v. McCarthy, 256 Fed. 651, 168 C. C. A. 45.

[9-11] The fact that Salinger has forfeited bail once given, and that a bench warrant, issued after such forfeiture, was produced at the commissioner's hearing below, does not, we think, change or affect the law in this case. While one who gives bail to a criminal charge remains in a sense in the custody of the law, he is more particularly in the immediately responsible custody of his sureties. Forfeiture of the bond so given authorizes the surety to arrest the fugitive summarily, and even by breaking and entering, anywhere in the United States. Reese v. United States, 9 Wall. 13, 19 L. Ed. 541; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287.

But, so far as the indicting sovereign is concerned, if that sovereignty be the United States, recourse must be had to the statutes, and to them alone, in the absence of any federal common law. No other statute but R. S. § 1014, exists. It may be assumed as true that one who gives bail, forfeits it, and flees, may thereafter be arrested and removed under 1014, without the exhibition of any indictment. Price v. McCarty, supra; Greene v. Henkel, supra. But, as no effort was made to dispense with indictment in this case, no ruling can be made upon a speculation. The only effect of Salinger's conduct is to add another fact to be considered by the commissioner in ascertaining the propriety of removal, just as similar flight would be a relevant fact

to be laid before a petit jury at trial, although flight and forfeiture of bail do not prove guilt.

No error appearing in the proceedings under review, the order dismissing the writ and remanding the prisoner for removal is affirmed.