## SALINGER v. UNITED STATES et al.

(Circuit Court of Appeals, Fifth Circuit.   December 11, 1923.)

No. 4088.

**Habeas corpus ⬤⇒4—Abuse of writ to prevent trial on criminal charge.**

A federal court will not pass on the sufficiency of an indictment found in another district and circuit, in habeas corpus proceedings to prevent removal to that district for trial, where the questions raised have been determined adversely to defendant by the Circuit Courts of Appeals of the circuit in which the indictment was found and of another circuit to which defendant fled, forfeiting the bond given for his appearance.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Petition of B. I. Salinger, Jr., against the United States and Victor Loisel, United States Marshal, for writ of habeas corpus.   From a judgment denying the writ, petitioner appeals.   Affirmed.

St. Clair Adams, of New Orleans, La. (L. H. Salinger and B. I. Salinger, both of Carroll, Iowa, on the brief), for appellant.

Louis H. Burns, U. S. Atty., and L. P. Bryant, Asst. U. S. Atty., both of New Orleans, La., and S. W. Clark, U. S. Atty., of Redfield, S. D., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.   This is an appeal from an order of the District Court for the Eastern District of Louisiana, dismissing a petition for a writ of habeas corpus and remanding the petitioner, B. I. Salinger, Jr., for removal for trial to the District of South Dakota.

May 20, 1922, the petitioner was indicted in the Western Division of the District of South Dakota.   The indictment is drawn under section 215 of the Criminal Code (Comp. St. § 10385), and charges the petitioner and others with devising a scheme to defraud, and, for the purpose of executing such scheme, with placing certain letters in the United States mail at Sioux City, Iowa, and causing the same to be delivered within the Southern Division of the District of South Dakota.

June 13, 1922, the petitioner gave bond in Iowa for his appearance for trial, but did not appear.   A bench warrant was thereupon issued against him, and he was arrested in New York, where he brought habeas corpus proceedings in the federal District Court.   The District Judge dismissed the petition and ordered the petitioner removed to South Dakota for trial.   This order was affirmed on appeal to the Circuit Court of Appeals for the Second Circuit (Ex parte Salinger, 288 Fed. 752); and thereupon, on March 20, 1923, the petitioner again gave bond for his appearance on April 3, 1923, for trial in South Dakota.

March 31, 1923, the petitioner was surrendered by the surety on his bond last mentioned to the marshal in New Orleans, and immediately filed his petition for a writ of habeas corpus before the District Judge

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the Eastern District of Louisiana, and secured his release from custody by giving bond for his appearance at the final hearing on the petition.. . April 18 a second petition was filed, which included a prayer for a writ of certiorari. April 26, upon final hearing, the said District Judge dismissed these two petitions and signed two warrants of removal, but April 27 he approved supersedeas bonds and allowed appeals to the Supreme Court.

In the meantime, the District Judge for the District of South Dakota had forfeited petitioner's bond of March 20, 1923, given in New York, and issued another bench warrant; and removal proceedings under R. S. § 1014 (Comp. St. § 1674), had been taken and completed before a commissioner in New Orleans. Based on these later proceedings, the court below, on April 26, signed a third warrant of removal, and refused to sign an order allowing an appeal. April 27 petitioner applied for a third writ of habeas corpus, but the next day the court entered an order dismissing his petition, and this last order is brought here for review. The appeal, to operate as a supersedeas upon bond being given, was allowed by a member of this court. The bond was given, and the petitioner has not been removed.

The surety who furnished bond in New York and surrendered the petitioner to the marshal in New Orleans is also the surety on the appeal bonds in the Supreme Court and in this court.

It is suggested that the District Court erred in issuing its third warrant of removal, on the ground that the Supreme Court will be deprived of its jurisdiction on the appeals taken to it, in the event the petitioner is removed before those appeals are reached for decision. Three warrants for removal were granted the day before the appeals to the Supreme Court were allowed. Only two of these warrants were affected by those appeals. The third warrant remained unaffected, and there was nothing to prevent petitioner's removal except the subsequent allowance of an appeal by a member of this court. Our concern is therefore solely with the case on appeal here, in which the warrant of removal is based on a bench warrant due to the forfeiture of the bond given by the petitioner in the Southern District of New York for his appearance in the District of South Dakota.

The petitioner seeks to prevent his removal for trial on the ground that the District Court in South Dakota is without jurisdiction, because (a) the indictment was found in one division for an offense alleged to have been committed in another, and (b) the indictment does not charge that the letters were mailed within the jurisdiction of the trial court. These same contentions were made in New York, in both the District Court and in the Circuit Court of Appeals. It appears that the Circuit Court of Appeals for the Eighth Circuit, in which South Dakota is, has ruled against the first contention in Biggerstaff v. United States, 260 Fed. 926, and against the second in Moffatt v. United States, 232 Fed. 522, 146 C. C. A. 480. The Circuit Court of Appeals for the Second Circuit, in Ex parte Salinger, supra, indicated that it agreed with these rulings.

We do not think it would be seemly or proper for this court also to pass upon these same contentions. In its final analysis, this is but an attempt to substitute a writ of habeas corpus for a writ of error. It

is also, as it seems to us, a palpable abuse of the writ of habeas corpus. When the first bond was given in Iowa, which is in the Eighth Circuit, the petitioner made bond to appear for trial; and in New York, after he had unsuccessfully attempted to prevent his removal, he voluntarily gave bond for his appearance for trial, and, instead of complying with his bond, he again thwarted a trial by applying for further writs of habeas corpus outside of the jurisdiction of the trial court. The fact that the same surety which surrendered the petitioner in Louisiana, instead of delivering him up for trial in South Dakota, again bound itself by new bonds is sufficient of itself to show that the resort to the court below was not really for the purpose of enabling the petitioner to secure his liberty, but was designed to obtain, if possible, a ruling upon the validity of the indictment by the court below different from the rulings made in the Second Circuit, where the former application for habeas corpus was made, and in the Eighth Circuit, in which the trial is sought to be held. The case presented to us is therefore similar to the case of Stallings v. Splain, 253 U. S. 339, 40 Sup. Ct. 537, 64 L. Ed. 940. See, also, In re Chapman, 156 U. S. 211, 15 Sup. Ct. 331, 39 L. Ed. 401; Riggins v. United States, 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303; Johnson v. Hoy, 227 U. S. 245, 33 Sup. Ct. 240, 57 L. Ed. 497; and in Ex parte Ford, 160 Cal. 334, 116 Pac. 757, 35 L. R. A. (N. S.) 882, Ann. Cas. 1912D, 1267.

The conclusion is that the order dismissing the writ of habeas corpus and remanding the petitioner for removal to the District of South Dakota should be, and it is, affirmed.