**UNITED STATES v. SEMEL.**

No. 7816.

District Court, D. Connecticut.

Feb. 28, 1946.

Adrian W. Maher, U.S. Dist. Atty., District of Connecticut, of Bridgeport, Conn., and Valentine J. Sacco, Asst. U. S. Atty., of Hartford, Conn., for plaintiff.

Samuel Rosenthal, of Hartford, Conn., for defendant.

SMITH, District Judge.

The United States moves for an order and warrant of removal to remove the defendant to the Western District of Louisiana.

Hearing was held before United States Commissioner Wholean of the District of Connecticut, following which the Commissioner found that probable cause existed to hold the defendant for removal for trial in the United States District Court for the Western District of Louisiana. From the finding of the Commissioner and the transcript of the proceedings before the Commissioner, it appears that no question is raised but that an indictment was returned against this defendant by the Grand Jury in and for the Western District of Louisiana on the 1st day of October, 1945, charging, in four counts, violation of the Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., by (1) offering to sell whiskey above the applicable maximum price under the Price Control Act and Maximum Price Regulation; (2) agreeing to sell whiskey in excess of the maximum price; (3) selling whiskey in excess of the maximum price; and (4) conspiring to offer, attempt and agree to sell, and sell and deliver, whiskey in excess of the maximum price.

The Government relies in this proceeding solely upon the fourth count.

■ The Government, at the hearing before the Commissioner, introduced a certified copy of the indictment and a witness to the identity of the defendant. Identity was admitted. The defendant thereupon took the stand and denied having been in the Western District of Louisiana for a period of some ten years, and denied participation in the alleged conspiracy. The Government introduced evidence of statements of the defendant that he would back up the agreements of one of the alleged conspirators, and that he did not want the transaction traced, evidence that the defendant knew of, and participated in, the alleged conspiracy.

Whatever may be the final conclusion of the trier on the credibility of the witnesses offered for the establishment of this defendant's participation in the alleged conspiracy, the Court cannot say that the Commissioner, weighing the credibility of the witnesses before him, was not justified in finding that probable cause existed for the holding of the defendant for removal for trial.

The defendant attacks the indictment on the ground that the fourth count charges a conspiracy under the general conspiracy statute, Title 18 U.S.C.A. § 88, which the defendant contends is not applicable because the Price Control Act, in making it a crime to agree to violate the provisions of the Act, completely covers the same ground as the general conspiracy statute and must, therefore, be held to supersede it. The argument continues that venue, under a charge of agreeing to violate the Price Control Act, must be laid at the place of the agreement since no overt act is required by the Price Control Act in order to make the agreement punishable. Since the agreement charged is claimed to have taken place, if at all, in New York, the allegations of overt acts within the district of Louisiana, in which the indictment was returned, are claimed to be surplusage and not sufficient to establish venue in that District.

■ There are several weaknesses in this argument. In the first place, it is unlikely that the Congress intended to supersede the general conspiracy statute since it failed to include the usual terms—"combine or conspire" in the criminal section of the Price Control Act. It may be possible, under the Act, for a seller to agree to accept the offer of a purchaser, whether innocent or criminal on the part of the purchaser, which would be an illegal agreement, in the narrow sense, on the seller's part, but not a combination, conspiracy, or agreement within the usual meaning of those terms in the criminal law of conspiracy. It is possible to have a situation in which the implication of a third person in a forbidden agreement between buyer and seller could broaden the agreement into a conspiracy under Section 88. See Old Monastery Co. v. United States, 4 Cir., 1945, 147 F.2d 905 at 908. We should not, therefore, hold that the Congress sought to cover the whole field of conspiracy to violate the Price Control Act by prohibiting a person from agreeing to violate the Act.

■ In the second place, even if it be held that the Congress intended to cover the conspiracy field and thereby supersede the general conspiracy statute by prohibiting any person from agreeing to violate the Price Control Act, the venue of this prosecution is still proper. The defendant's argument appears to be as follows:

"Agree" in the Price Control Act has the same meaning as "conspire"; therefore, the conspiracy statute, Title 18 U.S.C.A. § 88, is superseded. The general conspiracy statute requires an overt act for the crime to be complete, and venue may, therefore, be laid under Title 18 U.S.C.A. § 88 wherever an overt act takes place. The provision of the Price Control Act, however, does not require an overt act to make the agreement illegal; therefore, the allegation in the fourth count of overt acts is surplusage and must be disregarded for venue purposes. Therefore, the only place where venue can properly be laid is at the place of agreement which, the defendant contends, must be taken to be New York, under the allegations of the indictment.

■ The answer to this argument is that no such distinction appears to be drawn in our law as to venue between those types of conspiracy which require, and those which do not require, overt acts, to make the crime complete. Indeed, it may be pointed out that the leading case which, in spite of a strong dissent, establishes the venue rule for the general conspiracy statute, now Title 18 U.S.C.A. § 88, refers to the rule of venue as the Court found it to have been in conspiracy at common law where no overt act was necessary for the completion of the crime. There venue could be laid where any overt act, in carrying out the conspiracy, took place. Hyde and Schneider v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann. Cas. 1914A, 614; Easterday et al. v. McCarthy, United States Marshal, 2 Cir., 1919, 256 F. 651, 652; United States v. Trenton Potteries Co. et al, 1927, 273 U.S. 392, 402,

47 S.Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989; 731 R.S., Title 28 U.S.C.A. § 103.

■ The indictment, in the fourth count, charges a crime against the United States under the theory either of the Government or of the defendant, and the venue under either theory is correct.

The order and warrant of removal may issue.