## REEVE et al. vs. THE STATE.

1. SURETIES ON BAIL BOND: *Bad indictment against principal, no defense.* The sureties on a bail bond can not show, in answer to a *sci. fa.* on forfeiture, that the indictment against the principal was bad.

APPEAL from *Saline* Circuit Court.
Hon. J. M. SMITH, Circuit Judge.
*A. D. Jones,* for appellants.
*Henderson, Attorney General, contra.*

ENGLISH, C. J.    On the third of October, 1874, James Wyatt being in custody, in Saline county, on arrest for burglary, was admitted to bail on application to the circuit judge, David Reeve, John M. Murphy, S. G. Garrett and F. M. Chrisman becoming his sureties.    The bail bond was in the penal sum of $500, and in the form prescribed by *section 1723 of Gantt's Digest,* conditioned that Wyatt should appear in the Saline circuit court, on the first day of its October term, 1874, to answer said charge of burglary, and should at all times render himself amenable to the orders and process of said court, in the prosecution of said charge, and if convicted surrender himself in execution, etc.

The October term, 1874, of the Saline circuit court, commenced on the twelfth of October.    The court was opened, but no grand jury was impanneled and no busi-

ness was done; a general order of continuance was entered, and the court adjourned until next term.

At the March term, 1875, the grand jury returned into court an indictment against Wyatt for burglary; he and his sureties were called, and failed to appear, and a forfeiture was entered upon the bail bond.

A summons was entered upon the forfeiture, ninth of July, 1875, to the sheriff of Pulaski county, returnable to the September term following, and duly served on Reeve, Murphy and Chrisman, and returned *non est*, as to Garrett.

At the return term, all the sureties appeared by attorney, and moved for a continuance, on the ground that they had heard that Wyatt was dead. The motion was overruled; no exception taken to the decision; no defense interposed; and final judgment was rendered against them for the amount of the penalty of the bond.

At the March term, 1877, a petition was filed for Reeve and Chrisman, praying the court to set aside the judgment and grant them a new trial, on the ground that they had discovered, since the final judgment was rendered, that the indictment against Wyatt, when returned into court by the grand jury, did not contain the words, " *in the night time,*" and that these words had been afterwards fraudulently inserted, and that, therefore, the indictment, as found, was invalid as an indictment for burglary.

The court sustained a demurrer, interposed by the state, to the petition, and being the last day of the term, the sureties asked that the matter be continued, with leave to them to file an amended petition, within ten days, making the allegations of fraud more specific, which the court refused.

On the twenty-third of March, 1878, the clerk of this court granted all of the sureties an appeal.

The proceedings, down to and including the final judgment, appear upon the face of the record to have been regular.

If it be true, as stated in the petition to open the judgment, that the indictment, when returned into court by the grand jury, did not contain the words, "in the night time," and was not, therefore, a good indictment for burglary, and that these words were afterwards fraudulently interpolated, Wyatt was, nevertheless, bound, when called, to appear and answer the indictment, and his sureties were obliged, by the condition of the bail bond, to produce him in court. If he had appeared, and the indictment, for any cause, was bad, it might have been quashed on his motion, and his sureties would have been discharged; but the court might have ordered him into custody to answer a new indictment. On his failure to appear, the court would not have entertained a motion by the sureties to quash the indictment in his absence. It was his duty to be there and make defense for himself.

In *State v. Lockhart, 24 Georgia, 420*, it was held that the sureties in a bail bond, in answer to a *sci. fa.*, on forfeiture, might show that the indictment against the principal was bad; but we most respectfully decline to follow that decision. The contrary adjudications are founded on a better reasoning, and are more in accordance with principles of law. *State v. Edwards, 3 Ala., 343; Weaver v. State, 18 Ala., 243; Williams v. State, ib., 63.*

In the case last cited, the court said:

" The recognizors (except the accused) have no connection with the indictment, and the question of its regularity or irregularity, in this respect, is wholly disconnected from

their undertaking. They bind themselves that their principal shall appear and answer the charge against him, and if he fail to do so, the condition is broken, and they become liable for the penalty."

In the Georgia case, though the sureties were discharged from the forfeiture recited in the *sci. fa.*, on account of the bad indictment, it was, nevertheless, held that they were not discharged from the bail bond, but would be bound for the appearance of the principal on the finding of a good indictment against him.

Affirmed.