## HARDY v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. December 2, 1895.)

### No. 602.

BAIL BOND—VALIDITY—INSUFFICIENT INFORMATION.
When a United States commissioner, having jurisdiction to decide whether there was probable cause to believe that one brought before him has committed an offense, orders the accused to give bail, the bail bond taken in pursuance of such order is not void, though the information charge no offense.

### In Error to the United States Court in the Indian Territory.

R. Hardy, the plaintiff in error, on June 13, 1893, became surety in a bail bond which was executed by Abram H. Kelly, as principal, to secure the personal appearance of said Kelly, before the United States court in the Indian Territory, at the next term thereof, "then and there to answer what might be objected against him." The bond was taken and approved by Moran Scott, a commissioner of the United States court in the Indian Territory. It recited, in substance, that the said Abram H. Kelly had been brought before said commissioner, charged with the offense of soliciting men to commit adultery and fornication, and that upon examination it had appeared that there was probable cause to believe that he was guilty of the offense, whereupon the said commissioner had ordered that he give bail in the sum of $200 for his appearance before the United States court in the Indian Territory at the October term, 1893, of said court, to be held at Ardmore, in the Indian Territory. At the October term, 1893, of said court, Kelly failed to appear and plead to an indictment for inciting and soliciting persons to commit adultery, which was duly returned against him by the grand jury, whereupon the bail bond was forfeited, and a scire facias was issued against R. Hardy, the surety in the bond. In response to the writ of scire facias, the surety appeared, and contended, in substance, that the bail bond in question was void because the information filed before the commissioner failed to charge said Kelly, the principal in the bond, with the commission of any offense against the laws that were in force in the Indian Territory. This defense was overruled, and a judgment was rendered against the defendant for the sum of $100. To reverse that judgment, the defendant below has prosecuted a writ of error to this court.

H. C. Potterf and Henry Hardy filed brief for plaintiff in error.
E. C. Stringer, U. S. Atty.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

In the brief filed by counsel for the plaintiff in error, considerable space is devoted to the discussion of the question whether the indictment which was returned against the accused, and the information that was filed before the commissioner, charged an offense against the laws that were then in force in the Indian Territory. Some authorities have also been cited in support of the proposition that adultery and fornication are not crimes at common law, and that solicitation to commit fornication and adultery is not a crime, unless adultery and fornication are made crimes by statute in the state where the solicitation is sought to be punished, and that it is not then an indictable offense, unless accompanied by overt

acts making solicitation amount to an attempt to commit the crime. The view, however, that we have felt ourselves constrained to take of the case at bar, renders it wholly unnecessary to consider or decide either of these questions. The principal in the bail bond which the government now seeks to enforce was arrested, and brought before a United States commissioner, who unquestionably had jurisdiction to inquire and to decide whether there was probable cause to believe that the accused had committed an offense against the laws which were then in force in the Indian Territory. The jurisdiction so vested in the officer necessarily made it his duty, and conferred upon him the power, to decide, in the first instance, whether the acts charged in the information constituted an offense against the laws of the territory. And inasmuch as he had jurisdiction to decide that question, and to require the accused to give bail for his appearance before the proper court, if he found it probable that an offense had been committed, it follows that the bail bond was not void, even though the information charged no offense, and even though the decision of the officer on that point was erroneous. When an examining magistrate acts within his jurisdiction, an order made, requiring the accused to give bail, and a bail bond taken in pursuance of such order, are not void, although the magistrate may have erred in his judgment both as to matters of law and fact. U. S. v. Reese, 4 Sawy. 629, 635, Fed. Cas. No. 16,138. It very frequently happens that an information lodged with an examining magistrate is so defectively drawn that it states no offense, but it cannot be conceded that a recognizance taken or a bail bond given to secure the appearance of the accused before the proper court is for that reason void, when it is taken before an officer who has a general power to inquire into the commission of offenses, and to hold persons to bail. On the contrary, the law is well settled that in a proceeding by scire facias to enforce, as against a surety, a forfeited recognizance or bail bond that was taken before a court or examining magistrate, it is ordinarily no defense that the information or indictment under which the accused was arrested is defective in matter of averment, or that it describes no offense. U. S. v. Reese, supra; U. S. v. Evans, 2 Fed. 147; U. S. v. Stien, 13 Blatchf. 127, Fed. Cas. No. 16,403; State v. Poston, 63 Mo. 521; State v. Livingston, 117 Mo. 627, 23 S. W. 766; Reeve v. State, 34 Ark. 610; Com. v. Skeggs, 3 Bush, 19; Friedline v. State, 93 Ind. 366; Champlain v. People, 2 N. Y. 82.

It results from these views that the plea interposed by the surety, namely, that the information under which Kelly had been arrested and held to give bail alleged no offense known to the law, constituted no defense to the proceeding by scire facias to enforce the forfeited recognizance, wherefore the judgment of the United States court in the Indian Territory must be, and the same is hereby, affirmed.