### UNITED STATES v. GRANER.

#### (Circuit Court, E. D. New York. July 2, 1907.)

**1. BAIL—RECOGNIZANCE—ORAL MODIFICATION.**

A recognizance conditioned absolutely that the defendant appear cannot be modified by an oral agreement of the government's representative with the surety that the defendant need not appear unless he be indicted for a certain offense.

**2. SAME—CONDITIONS AND LIABILITY.**

Under a recognizance conditioned that defendant, held on a charge of having deserted the mails, appear at a certain time and answer all such matters as shall be objected against him, the surety is liable for the nonappearance of defendant, though he be not indicted for deserting the mail, but for stealing the mail, and the government could therefore have arrested him at any time, instead of relying on the bond.

William J. Youngs, U. S. Atty.
J. Baldwin Hand, for defendant.

CHATFIELD, District Judge. This is an application for judgment upon a writ of scire facias filed on behalf of the United States, the answer to said writ filed by Ferdinand A. Graner as surety, and a replication on behalf of the said United States. The facts are briefly as follows: One William F. Pike was held upon the 10th day of December, 1906, to await the action of the grand jury in the Eastern District of New York upon a charge of having deserted the United States mails, in the charge of said Pike as postal clerk in the Post Office Department of the United States government. Upon said 10th day of December, 1906, the said William F. Pike executed a recognizance, in the sum of $1,000, with the respondent Ferdinand A. Graner as the surety, conditioned for the appearance of the said Pike in the Circuit Court of the United States for the Eastern District of New York on the first Wednesday of January, 1907. The records of the court show that on the return day of said recognizance the said Pike did not appear. Upon the 5th day of February, 1907, the recognizance was declared forfeited, and upon the 22d day of March, 1907, a writ of scire facias issued, to which the respondent, Ferdinand A. Graner, was required to plead within twelve days. This writ was duly served upon the surety, and he has filed, as above stated, an answer, to which the government has replied. The surety in his answer alleges that the said surety was not obliged to procure Pike before the court, and that it was not nec-

essary for said Pike to appear unless an indictment was found against Pike on the charge of deserting the mail, which charge had been heard before the Commissioner; that the respondent was informed by the representative of the government that Pike need not appear unless such an indictment were filed, and that an agreement existed between the government and the surety to that effect. The surety, therefore, denies that he was required by said bond, or otherwise, to produce said Pike on the first Wednesday of January, 1907, and alleges that the government could have arrested said Pike, but that it did not do so, relying upon said bond. The surety and respondent further alleges that he has been unable to discover the whereabouts of the said Pike, who proceeded to default upon learning that he was indicted for the larceny of registered letters, and not upon the charge of deserting the mail.

The undertaking, which was filed upon the 10th day of December, 1906, is conditioned as follows:

"Now, therefore, the condition of this recognizance is such that if the said William F. Pike, the defendant aforesaid, shall personally appear at the next Circuit Court of the United States of America for the Eastern District of New York, to be holden at the United States courtrooms, in the borough of Brooklyn, city of New York, on the first Wednesday of January, in the year of our Lord one thousand nine hundred seven, at 10 o'clock in the forenoon of that day, or as soon thereafter as the said court shall be opened, and shall then and there answer all such matters and things as shall be objected against him, and abide the order of the said court and not depart the said court without leave, then this recognizance to be void, otherwise to remain in full force and virtue."

This is a bond filed in the United States court, and, so far as the application of the respondent and surety is concerned, comprises the contract which existed between the government and the defendant and the surety. Any oral agreement or understanding which the surety may have had cannot modify the terms of this undertaking. The construction of the bond and the meaning of its obligation does not raise any issue of fact, and, as a matter of law, the obligation has matured, so that there is nothing upon which the defendant or the respondent has a right to trial by jury. An indictment having been found and filed for the offense of stealing the mail, the government could have arrested the defendant at any time without reference to the bond which had been given upon another charge, or it could wait until the defendant was produced under that bond, and he could then be required to plead to the other charge. The fact that the defendant is wanted on a different charge than that which was considered before the Commissioner is no answer to the failure of the defendant to appear upon the return day of the recognizance, and does not relieve the surety from his obligation to produce him. In fact, if no indictment had been found at all, the defendant was still bound to appear, and the surety was bound to cause his appearance, and thus comply with the terms of his obligation, in order to be relieved from the condition therein contained. The surety cannot be discharged from his obligation until the court directs an exoneration from the terms of the bond. People v. Gillman, 125 N. Y. 372, 26 N. E. 469. If the conditions of the bond have been changed without the consent of the surety, that may

relieve him from his obligation, but no such case exists here. Reese v. United States, 76 U. S. 13, 19 L. Ed. 541.

It has further been held that the subsequent production of a defendant, who has failed to appear according to the terms of his bond, will not of itself relieve the surety from the effect thereof, unless the forfeiture is relieved by the court, under the provisions of section 1020, Rev. St. [U. S. Comp. St. 1901, p. 719]. U. S. v. McGlashen (C. C.) 66 Fed. 537. When the bond becomes due, the conditions making it a valid indebtedness, which can be enforced by a writ of scire facias, are fulfilled, if the defendant is not produced at the time specified in the bond. U. S. v. Evans (C. C.) 2 Fed. 147.

It has further been settled that a proceeding can be had to enforce against a surety a recognizance or bail bond, even if the information or indictment which has been filed should be subsequently found defective or dismissed upon demurrer, if the defendant fail to appear and the bond is forfeited because of such nonappearance. Hardy v. U. S., 71 Fed. 158, 18 C. C. A. 22; U. S. v. Stien, 13 Blatchf. 127, Fed. Cas. No. 16,403; Reese v. U. S., supra.

The motion of the government, therefore, for judgment upon the pleadings must be granted, and the demand of the surety for trial by jury denied. An order for judgment may be entered accordingly.