### UNITED STATES v. DU FAUR et al.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1911.)

No. 1,656.

BAIL (§ 55*)—FORFEITED RECOGNIZANCE—DEFENSES.

    On scire facias on a forfeited recognizance, it was no defense that the statute under which accused was indicted was unconstitutional.

    [Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 213–253; Dec. Dig. § 55.*]

In Error to the District Court of the United States for the Northern District of Illinois.

Scire facias on a forfeited recognizance by the United States against Alphonse Du Faur and another. Judgment for defendants, and the United States brings error. Reversed.

Edwin W. Sims, U. S. Atty., and Harry A. Parkin, for the United States.

Otis H. Waldo and Timothy J. Fell, for defendants in error.

Before GROSSCUP and BAKER, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge. Defendants in error were indicted under the immigration act of 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1909, p. 447]), and entered into recognizance in the usual form for their appearance from day to day and not to depart the court without leave thereof. As security, they made a cash deposit, together with a transfer to the clerk of real estate. The bonds were forfeited, and by scire facias the forfeiture was made absolute, and by order of court the cash was turned into the treasury of the United States. At a succeeding term the scire facias proceedings were set aside, and the money so deposited and the real estate so conveyed were ordered to be turned back to defendants in error, on the ground that the statute under which the indictment was found was unconstitutional.

The question involved in this writ of error is whether the obligor, or the surety in a recognizance in a criminal case, in a proceeding by scire facias to recover the amount of the bond for the nonappearance

of the principal, can object that the statute, under which the obligor was indicted, is unconstitutional.

Upon reason, and upon authority of the cases, in both state and national courts, the law is settled that no such defense can be made. A recognizance is a contract of record, and scire facias is an action on that contract as made. Beyond this the court will not look. No inquiry will be made into antecedent proceedings by the court passing on the scire facias. Indeed, the sureties would be estopped from denying the legality of such proceedings. This follows from the very nature of the contract. It is a court record. It imports verity. Upon production it proves itself. It is not to be disputed. Any other practice would allow the obligor and sureties to decide upon the necessity for an appearance—an impossible view. The obligation imposed by the contract was to appear, and not depart without leave of court, as well as to answer the specific charge. Such a bond would not be discharged by quashing the indictment. Neither can it be avoided by the suggestion that the statute, under which the charge was made, has been declared unconstitutional.

The judgment of the District Court is reversed.