## SOUTHERN SURETY CO. OF DES MOINES, IOWA, v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
December 12, 1927.

No. 7711.

1. **Indictment and information** ⬤⟲6—**Indictment could lawfully be found by grand jury in one division of District Court for offense committed in another division, and court had jurisdiction to try party for whose appearance defendant gave bond.**

Indictment could be lawfully found by grand jury in Western Division of United States District Court for South Dakota for an offense committed in Southern Division of the district, so that court had jurisdiction to try defendant, for whose appearance defendant surety company gave bond.

2. **Bail** ⬤⟲84—**Defects of indictment constituted no defense to action against surety on bail bond adjudged forfeited for failure of principal to appear for trial.**

Defects or invalidity of indictment constituted no defense to action against surety on bond adjudged forfeited for failure of principal to appear for trial or to comply with other terms of agreement.

3. **Bail** ⬤⟲75—**Failure of principal to appear for trial at time stated, though case was not ready was ground for forfeiture of bail bond.**

Where bond given for appearance of principal for trial provided that, if principal appeared for trial in District Court, where indictment

*Rehearing denied February 27, 1928.

·was filed on April 3, 1923, opening day of term, and complied with other conditions, bond should be void, failure of principal to appear for trial on April 3 was ground for forfeiture of bond, though case was not ready, because no jury was present, and because of counsels' agreement, since, where parties put engagements into writing in such terms as to import legal obligation, without uncertainty as to object or extent of engagement, it is conclusively presumed that whole engagement of parties and manner and extent of undertaking was reduced to writing.

**4. Appeal and error ⊗⟶907(4)—Court's findings raise presumption that there was competent evidence supporting them, in absence of certificate that bill of exceptions contains all evidence.**

Findings of court below raise legal presumption that there was competent and relevant evidence supporting them, in absence of certificate by trial judge that bill of exceptions contains all evidence, or all evidence on particular issues, the findings concerning which are questioned.

**5. Appeal and error ⊗⟶230—Question of evidence to sustain court's finding is reviewable only when question has been presented during trial, which ends when issues are submitted to court.**

Question of law whether or not there was substantial evidence to sustain court's findings is reviewable only when request or motion is made, denied, or excepted to, or some other like action is taken, which fairly presents that question to trial court, and secures its ruling thereon during trial, which ends in trial of action at law without jury, when, after full hearing, issues of fact and law are submitted to trial judge for decision.

**6. Appeal and error ⊗⟶842(7)—Appellate court cannot reverse finding by court in law action or judgment based thereon; "error of fact" (28 USCA § 879).**

When an action at law is tried without jury by federal court, and it makes general or special finding of fact, Rev. St. § 1011 (28 USCA § 879), forbids reversal by appellate court of that finding or of judgment based thereon" for any error in fact, and finding of fact contrary to weight of evidence is "error of fact."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Error of Fact.]

**7. Appeal and error ⊗⟶969—In action at law tried by court, making special findings is discretionary, and refusal is not subject to review.**

In action at law tried by court, on waiver of jury, making of special findings is discretionary, and court's action in making such findings, refusing to make requested findings, or refusing to amend findings made, is not subject to review.

**8. Appeal and error ⊗⟶230—Request after close of trial for findings and rulings thereon are discretionary, and not subject to review.**

Where no request for findings was made until subsequent to close of trial, it was too late, after court had filed its findings and its conclu-

sion that judgment must be entered for plaintiff, to except to rulings on issues tried, and subsequent request and ruling thereon was discretionary, and not subject to review.

**9. Appeal and error ⊗⟶977(5)—Denying new trial, or any motion made therein, is not reviewable in appellate court.**

Denial of motion for new trial, or of any motion or claim therein to sustain motion for new trial, is not reviewable in federal appellate court.

**10. Bail ⊗⟶89(1)—In action on bail bond it was unnecessary to allege that bond had been forfeited as against defendant surety.**

In action against surety on recognizance and bond given as bail, it was not necessary to allege that bond declared therein had been forfeited as against defendant surety.

**11. Statutes ⊗⟶174, 175—Statute must be given rational construction, and, if consonant with terms one which advances remedy and represses wrong.**

A statute must be given a rational, sensible construction, and, if this be consonant with its terms, it must have interpretation which will advance remedy and repress wrong.

**12. Bail ⊗⟶79(2)—Attempted exoneration of surety from bail bond by commissioner in district other than that wherein principal was indicted and was to be tried was void (18 USCA § 599).**

Under Rev. St. § 1018 (18 USCA § 599), attempted exoneration of surety on bond given for bail by United States commissioner for Eastern district of Louisiana, when principal had been indicted and was charged with committing his offense, and was to be tried in district for South Dakota, was void for lack of jurisdiction.

In Error to the District Court of the United States for the District of South Dakota; Wilbur F. Booth, Judge. Transferred from Supreme Court of the United States.

Action by the United States against the Southern Surety Company of Des Moines, Iowa. Judgment for the United States, and defendant brings error. Affirmed.

Louis H. Salinger, of Carroll, Iowa, for plaintiff in error.

Byron S. Payne, Asst. U. S. Atty., of Pierre, S. D. (Olaf Eidem, U. S. Atty., of Sioux Falls, S. D., on the brief), for the United States.

Before WALTER H. SANBORN and KENYON, Circuit Judges, and JOHN B. SANBORN, District Judge.

WALTER H. SANBORN, Circuit Judge. The writ of error in this case presents for consideration alleged errors of law in the trial of an action brought by the United States on a recognizance and bond for $15,-

000 given as bail by B. I. Salinger, Jr., as principal, and the Southern Surety Company, as surety, on March 20, 1923, for the appearance of Salinger, Jr., for trial on an indictment against him at the District Court of the United States for the District of South Dakota on the first Tuesday of April, 1923, at 10:30 o'clock in the forenoon of that day, and on such other days as said court might direct, and to obey its orders. Salinger, Jr., made default in appearance and in compliance with the terms of the bond, upon notice to him and the surety company of the hearing of a motion by counsel of the United States for a forfeiture of the bond at a time and place specified, to wit, on April 4, 1923, argument on such motion was heard by the court below, and upon consideration it entered an order and judgment of forfeiture of the bond and undertaking.

In its complaint in the case now in hand the government alleged these and other facts and prayed for judgment against the surety company for the amount of the bond, interest, and costs. The surety company answered, the parties waived a jury, the court tried the case, made a clear and comprehensive finding of the facts, stated its conclusions of law, and rendered a judgment against the surety company for $15,000, interest, and costs on September 15, 1924.

On the 21st day of March, 1925, the defendant surety company filed a bill of exceptions, which had been signed by the trial judge on March 20, 1925. On April 11, 1925, counsel for the surety company filed an assignment of 77 alleged errors in the trial of this case and prayed for a writ of error, and this prayer was granted by the court below on April 16, 1925. He filed a printed brief of his argument in 17 divisions, in each of which he presented and argued an objection to the validity of the judgment, and he argued this case orally in this court. For convenience the chief position urged in each of the 17 divisions of his principal brief will be called his objection to the judgment.

[1] His first objection was that the United States District Court of South Dakota had no jurisdiction to try Salinger, Jr., under the indictment against him in that court, because the indictment was found by the grand jury of that court in the Western division of its district, and it charged that the offense was committed in the Southern division of its district, where it has since been tried. But an indictment may be lawfully found by a grand jury in one division of a United States District Court for an offense committed in another division of that court. Ex parte Salinger (C. C. A.) 288 F. 752, 755;

Moffat v. U. S. (C. C. A.) 232 F. 522. In Salinger v. Loisel, 265 U. S. 224, 235, 44 S. Ct. 519, 523 (68 L. Ed. 989), the Supreme Court said relative to this issue:

"South Dakota constitutes a single judicial district, with one District Court; but the district is divided into four divisions, where sessions are held at times fixed by law; such sessions, whether in one division or another, being 'successive terms of one and the same court.' Hollister v. U. S. [C. C. A.] 145 F. 773, 782."

In that case, after argument and deliberate consideration, the Supreme Court decided that the District Court of South Dakota had jurisdiction to try the offense charged in the indictment referred to in these proceedings in the Southern division of its district, where the offense was alleged to have been committed, notwithstanding the fact that the indictment was found by the grand jury and returned to the court while it was in session in the Western division of the district. 265 U. S. 224, 232, 237, 44 S. Ct. 519, 68 L. Ed. 989.

[2] The second and third objections to the judgment are that the indictment referred to in the bond was defective, insufficient, and failed to charge any offense against the United States. But the condition of the bond was not that its obligation should be void if the indictment was bad or defective, but that it should be void if Salinger, Jr., appeared for trial at the time and place specified in the bond and complied with its other terms. Salinger did not appear for trial at the time and place specified, and the court on notice adjudged the recognizance and bond forfeited. The position here taken by counsel for the defendant is untenable, because (1) the defects or invalidity of the indictment constitutes no defense to an action against the surety on a bond adjudged forfeited for the failure of the principal to appear for trial or to comply with other terms of the bond, Hardy v. U. S. (C. C. A.) 71 F. 158, 159; U. S. v. Graner (C. C.) 155 F. 679, 680, 681; and (2) in our opinion the indictment referred to was not fatally defective but was sufficient, Salinger v. U. S., 272 U. S. 542, 547, 47 S. Ct. 173, 71 L. Ed. 398.

[3] The fourth objection to the judgment is that the court below committed an error of law in holding that the failure of Salinger, Jr., to appear for trial at the District Court for the District of South Dakota at the city of Sioux Falls in said district on the third day of April, which was the first day of the April term of that court, at 10:30 o'clock in the forenoon, upon an indictment filed in

said District Court, in the Southern Division, warranted that court on notice and hearing in rendering its judgment of forfeiture of the recognizance and bond in suit on the 4th day of April, 1923. His argument is that because counsel for the government agreed with counsel of the codefendants of Salinger, Jr., that their clients need not attend the court until the government's counsel could find out when he could secure the attendance of Salinger and try the case, because there could not have been any trial before the bond was forfeited on the 4th day of April, 1923, because no jury was present prior to or on that day, and because the government had made its subpœnas for witnesses returnable on the 10th and 12 of April, the bond did not require Salinger, Jr., to appear until some other time during the term when the case might be called for trial. To our minds this argument is neither convincing nor persuasive. The bond was a written contract between the United States and the surety company. There is no ambiguity in the terms or uncertainty about the meaning or extent of this contract. No discussion or argument can make more clear or certain than the bond itself that the agreement of the surety company and the United States was that, if Salinger, Jr., appeared for trial in the District Court where the indictment was filed on the 3d day of April, 1923, the opening day of the term, and not on some other day, or at some other place, and complied with the other conditions of the bond, and on those conditions only, the bond should be void, and otherwise it should be of force and binding. The contentions of counsel here in our opinion are conclusively answered by the settled and familiar rule that, "where the parties have deliberately put their engagements into writing in such terms as to import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the manner and extent of their undertaking, was reduced to writing." Thompson v. Libby, 34 Minn. 374, 377, 26 N. W. 1, 3; Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 511; Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co. (C. C. A.) 114 F. 77, 81, 57 L. R. A. 696; Union Selling Co. v. Jones (C. C. A.) 128 F. 672, 675; Silver King Coalition Mines Co. v. Silver King C. M. Co. (C. C. A.) 204 F. 166, 172, Ann. Cas. 1918B, 571.

[4] The fifth and sixth objections challenge the findings of fact of the court below with reference to the motion for and judgment of forfeiture of the bond on April 4, 1923, and the attendance of Salinger, Jr., during the April, 1923, term of the court. They read in this way: Objection 5, "Issue having been joined on the material question whether the marshal had called the principal in the bond, the court erred in holding, without support in the evidence, that this call had been made;" objection 6, "The court erred in holding, without support in the evidence, that Salinger was not in attendance at any time during the April, 1923, term of the court, the one designated in the bond."

In each of these objections the words "without support in the evidence" appear, but whether this means without any competent evidence in support of the finding, or without sufficient evidence in a conflict of evidence to support the finding, is not rendered certain. If the former, they charge errors of law; if the latter, they charge errors in fact. If the former, they are not reviewable in this court:

First, because the findings of the court below raise the legal presumption that there was competent and relevant evidence in support of them, in the absence of a certificate by the trial judge that the bill of exceptions contains all the evidence, or all the evidence on the particular issues, the findings concerning which are questioned, and there is no such certificate in the bill of exceptions here. England v. Gebhardt, 112 U. S. 502, 505, 5 S. Ct. 287, 28 L. Ed. 811.

[5, 6] Second, because the question of law whether or not there was any substantial evidence to sustain such a finding as these here is reviewable "as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial." The trial of an action at law by a federal court without a jury ends when, after full hearing, the issues of fact and law are submitted to the trial judge for decision. United States v. Atchison, Topeka & S. F. Ry. Co. (C. C. A.) 270 F. 1, 3, 4, and cases cited. We discover no record of any such timely motion, request, ruling, or exception after all the evidence was produced, when only it could be properly made, and before the trial ended.

And, third, because there was in our opinion competent, substantial, and relevant evidence in support of the findings here challenged in the judgment of forfeiture of the bond, which recited the call of the defendant and the testimony of Mr. Carleton, the clerk of the court, to take the findings of the court here challenged out of the class of

questions of law, and into the class of questions of fact, and, as questions of fact, which they actually are, this court has no jurisdiction to review or reverse them. When an action at law is tried without a jury by a federal court, and it makes a general or special finding of fact, the act of Congress forbids a reversal by the appellate court of that finding, or of the judgment based thereon "for any error in fact." Section 879, title 28, U. S. C. (R. S. § 1011; Act Feb. 18, 1875, c. 80, § 1). And a finding of fact contrary to the weight of the evidence is an error of fact. Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63, and cases there cited. Moreover, we have read and considered the arguments in the briefs, the arguments of counsel, and the evidence in the bill of exceptions relative to these findings of the court, and, if they were reviewable by us, we should be of the opinion that we ought to affirm them.

[7] The seventh objection is that "the court erred in holding that it constituted no defense that the surety was never called on to produce the principal." It is negligible; it rests on requests of counsel for the defendant that the court below find with reference to the first cause of action in this case, which was upon an earlier bond of $10,000 made by the defendant on June 13, 1922, as a conclusion of law that there can be no valid forfeiture of a bond unless the surety thereon is called upon to produce his principal, and this request was not filed until October 24, 1924, and then "nunc pro tunc as of December 20, 1923." We discover no proof that this request for a declaration was ever presented to the court below for its action before the trial closed. The court filed its written findings of fact and conclusions of law on September 15, 1924. In an action at law, tried by the court on waiver of a jury, the making of special findings is discretionary, and the court's action in making such findings, refusing to make requested findings, or refusing to amend findings made, is not subject to review.

[8] Where no request for findings or for modifications of findings were made until subsequent to the close of the trial, it is too late, after the court has filed its findings and its conclusion that judgment must be entered for the plaintiff, to except to the rulings on issues tried, and subsequent requests and rulings thereon are discretionary and not subject to review. U. S. v. Atchison, Topeka & S. F. Ry. Co. (C. C. A.) 270 F. 1, 4.

[9, 10] The eighth objection is that "the

court erred in holding that the suit could be maintained, though the only forfeiture ever ordered was not against this defendant, but against Salinger." This objection rests upon the overruling of a demurrer to the complaint (1) because it was nowhere alleged therein that the bond declared therein had ever been forfeited as against the defendant, nor that any proceedings had ever been had or taken declaring the bond or bonds forfeited as against the surety company, or any proceeding declaring such forfeiture had ever been had; and (2) because the same point was raised in the motion for a new trial. But the denial of a motion for a new trial, or of any motion or claim made therein to sustain the motion for a new trial, is not reviewable in a federal appellate court, and in our opinion the averments in the complaint stated a clear and good cause of action against the surety in this case, without the allegations of whose absence counsel here complain.

[11, 12] The ninth objection to the trial and judgment in this case is that "the exoneretur on part of United States Commissioner Browne should have discharged the defendant surety." That exoneretur was a part of the proceedings of the defendant Salinger, Jr., to avoid his recognizance and bail for appearance and his appearance for trial on the indictment against him, which were recited at more length by the Supreme Court without approval in Salinger v. Loisel, 265 U. S. 224, 226, 232, 238, 44 S. Ct. 519, 68 L. Ed. 989.

The defendant Salinger, Jr., and the defendant the Southern Surety Company made the recognizance and bond in this suit on the 20th day of March, 1923, in the city of New York, for his appearance for trial on the indictment against him in the District Court of South Dakota on the 3d day of April, 1923. On the 31st day of March, 11 days after they made this bail bond, and 3 days before the day on which they had bound themselves for his appearance at Sioux Falls, S. D., for his trial in the United States District Court there, Salinger, Jr., and a representative of the defendant surety company voluntarily went before a United States commissioner for the Eastern district of Louisiana and there in the city of New Orleans the defendant surety company surrendered its principal Salinger, Jr., to a United States marshal who was there present, and the commissioner, Mr. Browne, indorsed and signed on a certified copy of the recognizance and bond in suit his exoneration of the surety company from the obligations of

the recognizance and bond. The court below held that this attempted exoneration of the surety was void, because Mr. Browne was not a United States commissioner in or for the district of South Dakota, in which the defendant Salinger, Jr., was indicted, was charged with committing his offense, and was to be tried, and in which he and the surety company were bound for his appearance.

Counsel for the surety company vigorously assail this conclusion, and contend that Mr. Browne, the "United States commissioner for the Eastern district of Louisiana, New Orleans division," as he signs himself, had plenary jurisdiction to exonerate this surety company by virtue of section 599, title 18, U. S. C. (R. S. § 1018), which reads:

"Any party charged with a criminal offense and admitted to bail, may, in vacation, be arrested by his bail, and delivered to the marshal or his deputy, before any judge or other officer having power to commit for such offense; and at the request of such bail, the judge or other officer shall recommit the party so arrested to the custody of the marshal, and indorse on the recognizance, or certified copy thereof, the discharge and exoneretur of such bail; and the party so committed shall therefrom be held in custody until discharged by due course of law."

In connection with his position counsel for the surety company has cited, and we have examined, U. S. v. Rice (C. C.) 192 F. 721; U. S. v. Stevens (C. C.) 16 F. 101, 104; Van Duzee v. U. S. (D. C.) 48 F. 648; U. S. v. Van Duzee (C. C. A.) 52 F. 930, 934; In re Fox (D. C.) 51 F. 429; and 6 C. J. 102, p. 927. We have, however, failed to find in any of the opinions or decisions in these references any support for the position taken here by counsel. If his contention were to prevail, any person charged in a federal court with a criminal offense and admitted to bail might, in the vacation of the court in which he was bound to appear for trial, be arrested by his bail and taken before any officer having power to commit for such an offense at any time or place in the United States, and such officer might there exonerate his bail at the latter's request. For example, bail for appearance for the trial of an offense committed in Florida might be exonerated by any judge or commissioner having power to commit for such an offense in Oregon.

One of the cardinal rules for the construction of a statute is that it must be given a rational, sensible construction, and that, if this be consonant with its terms, it must have the interpretation which will advance the remedy and repress the wrong. Stevens v. Nave-McCord Mercantile Co. (C. C. A.) 150 F. 71, 75; United States v. Ninety-Nine Diamonds (C. C. A.) 139 F. 961, 965, 2 L. R. A. (N. S.) 185, and cases there cited. The interpretation given to this statute by counsel is clearly not of this character. It is clear to us that it was never intended to have nor will it bear any such broad, radical, and unreasonable construction. The purpose of its enactment is clear and certain to our minds. It was simply to authorize any judge or other officer having the power to commit for such an offense in the judicial district where the offense charged was triable to exonerate a surety of the defendant bound for his appearance for trial in a case in which the court was in vacation. The attempted exoneration of the defendant surety in this case from the burden of its bond by the commissioner of, for, and in the Eastern district of Louisiana was void for his lack of any jurisdiction so to do.

The tenth objection, which rests on the alleged error in fact in the finding of the court below that the continuance over the term of the case on the indictment against Salinger, Jr., was necessitated by the inability of the United States to have Salinger in attendance for trial in the court below during that term, and the thirteenth objection, that the court wherein the indictment was pending was not in vacation when Salinger was surrendered to the surety company under Commissioner Browne's attempted exoneratur, if errors at all, were errors in fact, on account of which this court is prohibited from reversing the trial court by section 879, title 28, U. S. C.

We have now suggested why the objections and exceptions of counsel for the surety company to the judgment, trial, and proceedings in this case which seem to us to be the more substantial do not warrant the reversal of this judgment. Many other objections have been made and exceptions taken in the 77 assignments of error and the various divisions of the briefs of counsel for the surety company. We have read and considered them, but our conclusion is that there was no reviewable reversible error of law or in fact in the proceedings, trial, and judgment in this case, and that judgment must be affirmed.

It is so ordered.