## UNITED STATES v. DIAMOND et al.

District Court, S. D. New York.
June 1, 1931.

George Z. Medalie, U. S. Atty., of New York City (Ernest Lappano, of New York City, of counsel), for the United States.

Walter & Wolff, of New York City (Alfred A. Walter, of New York City, of counsel), for defendant surety.

WOOLSEY, District Judge.

The motion for judgment on the pleadings is denied, but the lesser relief is granted of striking out the alleged separate defenses.

This is a motion by the United States for judgment on the pleadings in a scire facias proceeding against the surety on an undertaking in the sum of $15,000 for the defendant John Diamond to appear before Garrett

W. Cotter, Esq., one of the United States commissioners, appointed by this court, on an information charging defendant Diamond with violation of the Harrison Narcotic Act (26 USCA §§ 211, 691–707).

On the question of jurisdiction and procedure on writ of scire facias, the cases of Universal Transportation Co., Inc. v. National Surety Co. (D. C.) 252 F. 293, appeal denied 256 F. 450 (C. C. A. 2); Hollister v. United States, 145 F. 773 (C. C. A. 8), are of value.

I. On such a motion as this in a scire facias, I think it clear that the court may look not only at the pleadings but at any other papers in the case on file as part of the records of the clerk of this court, or its commissioners, for of such papers this Court may take judicial notice.

But even on a scire facias, to which the defenses necessarily and properly must be few, the court may not gratuitously assume the truth of challenged returns of its officers or decide questions raised as to the actual service of notices or process.

II. Here the writ alleges, in paragraph 3, that the defendant Diamond was duly and solemnly called before Garrett W. Cotter, Esq., United States commissioner for this district, on September 10, 1929, and in paragraph 4, that the defendant Diamond made default in his said demanded appearance and that the undertaking, which is the subject-matter of the writ, was thereupon declared by Commissioner Cotter to be forfeited.

These allegations which underlie the writ are denied by the surety company defendant.

On these denials it is entitled to have a trial. Hollister v. United States, 145 F. 773, at page 781.

III. The separate defenses pleaded by the surety company are, however, stricken out, for they do not, as pleaded, constitute defenses of which the surety may avail itself.

The fact that, for some inscrutable reason, the undertaking given was stated to be for appearance before Commissioner Cotter, mentioned in the first alleged defense, is the only defense which has any plausibility but that is shown to be without avail under the persuasive reasoning of the opinion of the Circuit Court of Appeals for the Eighth Circuit in Hollister v. United States, 145 F. 773, at page 781, in which Adams, Circuit Judge, said:

"It is next contended that there was no breach of the recognizance stated in the decla-

ration. The recognizance required Waugh to appear before the court 'at the next term * * * to be held in the court room in the federal building at Sioux Falls, South Dakota, to wit, on Tuesday, October 18, 1904, and from time to time at said term and all subsequent terms of said court when required by the order of said court * * * to answer,' etc. It is averred that on October 18, 1904, the case was duly called for trial, both sides appearing, when it was ordered by the court to be set down for trial at the November term, 1904, of the court to be held at Aberdeen, S. D., and that Waugh appear at that time and place for trial. It is averred that Waugh failed to appear at Aberdeen according to the order made, and that as a result thereof the recognizance was forfeited. The contention is that the failure to appear at Aberdeen constituted no breach of defendants' undertaking. Is this correct? By the provisions of the act of November 3, 1893 (chapter 10, 28 Stat. 5), the state of South Dakota, which before that time had constituted one judicial district, with the United States courts held only at the capital (Act Feb. 22, 1889, c. 180, 25 Stat. 676, 682), was declared to constitute one judicial district only, but 'for the purpose of holding terms of the District Court' the district was divided into four divisions, the Northern, Southern, Central, and Western. The act required the courts to be held at Aberdeen for the Northern Division, at Sioux Falls for the Southern, at Pierre for the Central, and at Deadwood for the Western Division. By section 3, Act Nov. 3, 1893, c. 10, 28 Stat. 5, it was provided:

"'That the terms of the Circuit and District Courts of the United States in and for the state of South Dakota shall be as follows: At Sioux Falls on the first Tuesday in April and the third Tuesday in October * * * at Aberdeen on the first Tuesday of May and the third Tuesday of November.'

"No other legislation affecting the terms or sessions or character of the United States courts in South Dakota has been called to our attention or discovered by us in our investigation.

"From the foregoing statutes it appears that South Dakota constituted one judicial district only, and that the sessions of the courts for that district were not all held at one place, but at four different places. Whether at Aberdeen, Sioux Falls, Pierre, or Deadwood, the court was one and the same, and the times and places fixed by law for different sessions in any place were successive terms of one and the same court.

"Accordingly we are of opinion that the recognizance in question binding Waugh to appear at the next term of court to be held at Sioux Falls and from time to time at said term, and all subsequent terms of said court whenever ordered so to do, bound him to appear, not only at Sioux Falls during the term held there, but at Aberdeen during any subsequent term as and when ordered by the court so to do, and that Waugh's failure to appear pursuant to the order of the court made upon him at Sioux Falls constituted a breach of the condition of the recognizance for which the defendants, as sureties, are liable."

Cf. Southern Surety Co. v. United States, 23 F.(2d) 55, 57 (C. C. A. 8).

The second, third, fourth, and fifth alleged defenses are without merit and do not constitute defenses to a scire facias on such an undertaking as this, in view of the principles laid down in Southern Surety Co. v. United States (C. C. A.) 23 F.(2d) 55, 57; United States v. Davenport (D. C.) 266 F. 425, 428; United States v. Du Faur, 187 F. 812, 813 (C. C. A. 7); United States v. Graner (C. C.) 155 F. 679; United States v. Dunbar, 83 F. 151, 154 (C. C. A. 9); Hardy v. United States, 71 F. 158, 159 (C. C. A. 8).

[5] IV. One fact, however, which emerges from these papers very clearly is that such undertakings as that under consideration should run to the United States and should provide for appearance of the defendant bound over before "any of the Commissioners of this Court." The forms for such undertakings should be amended accordingly.