## UNITED STATES v. LUTHER et al.
### No. 5301.

District Court, E. D. New York.
Dec. 5, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Charles J. Buchner, of Brooklyn, N. Y., for defendant John M. Horan.

Hanft & Hanft, of Brooklyn, N. Y., for defendants Rose Gallo and Rose Tesaroa.

BYERS, District Judge.

This is an action at law by the United States against the principal and three sureties in a recognizance bearing date March 4, 1922; conditioned for the appearance of the principal, Matthew Luther, alias M. L. Adams, before the District Court of the United States for the Northern District of Ohio, Eastern Division, at Cleveland, Ohio, on the 4th of April, 1922, at 10:00 o'clock a. m., or prior thereto when notified by mail by the U. S. Attorney, and from term to term and time to time thereafter, to which the case may be continued, then and there to answer the charge of having contrary to law devised a scheme to defraud the Ohio Coal & Supply Co. and divers other persons, etc.

The complaint alleges that each of the defendant sureties resides in this district and that, on information and belief, the same is true as to the principal; that the recognizance was entered into as above summarized and a copy is annexed to the complaint.

Paragraph Fourth alleges, upon information and belief, that the principal failed to be and appear before the said District Court of the Eastern Division of the Northern District of Ohio on April 4, 1922, and, although thrice solemnly called, he did not appear according to the condition of said recognizance, but made default; that the sureties were called to appear and produce the body of the said principal, who likewise made default, whereby said recognizance "remains against them in its full force, as more fully appears from the certified copy of order forfeiting the bond, a copy of which is hereunto annexed and made a part hereof and marked 'Exhibit B' ".

The final paragraph of the complaint alleges, upon information and belief, that, by reason of the premises and of the violations of the conditions of the recognizance as pleaded, the principal and sureties have become jointly and severally liable to the United States of America in the sum of $10,000.00, being the amount of the said bond.

There are annexed to the complaint what are said to be correct copies of the recognizance and several affidavits of the sureties, and a certified copy of the proceedings in the District Court for the Northern District of Ohio, Eastern Division, on the 11th of April, 1922, when the recognizance was forfeited.

The defendant Horan, one of the sureties, has filed a verified answer in which he denies the allegations concerning the failure of the principal to appear, and the forfeiture of the bond, and the legal conclusion pleaded in paragraph Fifth of the complaint pursuant thereto.

The defendants Rose Gallo and Rose Tesaroa, the other sureties, have likewise filed a verified answer in which they deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the complaint which alleges the failure of the principal to appear in court and the order of forfeiture; and, on information and belief, they deny the call to appear directed to the sureties as alleged in the said paragraph of the complaint; also they deny the allegations in the closing paragraph of the complaint above referred to.

The United States Attorney has moved for an order striking out the answers of the three defendants and granting judgment in favor of the plaintiff, relying upon Rule 113 of the Rules of Civil Practice of the State of New York, which, so far as applicable in its present form, is as follows:

"The complaint may be dismissed or answer struck out and judgment entered in favor of either party on motion upon the affidavit of a party or of any other person having knowledge of the facts setting forth such evidentiary facts as shall, if the motion is made on behalf of the plaintiff, establish the cause of action sufficiently to entitle plaintiff to judgment."

From what has been said, it will be apparent that the defendants raise an issue concerning the basic fact upon which the plaintiff relies, namely, the failure of the principal to appear in the court, as to which the removal bond was given, and the consequent forfeiture thereof, and, upon this issue, they are entitled to go to trial. See National Surety Co. v. U. S. (C. C. A.) 29 F. (2d) 92, at pages 96 and 97; U. S. v. Diamond (D. C.) 50 F.(2d) 263.

The denials in the answers of the defendants cannot be disregarded, because they are made under oath and, until they are withdrawn, must be deemed to have been made in good faith in spite of the certified copy of the record in the United States District Court for the Northern District of Ohio, Eastern Division. It would of course be open to the defendants on the trial to show that no such default was in fact taken and no such forfeiture was ordered as is alleged in the complaint, and that the certified copy of the rec-

ord is either mistaken or otherwise open to attack.

The affidavits of the defendants offered in opposition to the motion make no reference to this aspect of the case, but rely entirely upon the statute of limitations pleaded in the Fourth, Fifth and Ninth separate defenses in the answer of Horan, and in the separate and affirmative defense pleaded in the joint answer of the other two defendants.

Horan's answer contains other separate defenses, namely, that the bond does not contain a description of the crime for which the principal is held and is not a bail bond; that it was not a written undertaking sufficient to constitute bail under section 568 of the Code of Criminal Procedure of the State of New York, and that it is not a bail undertaking; that, under the statutes of the State of Ohio, it is required that a recognizance must be recorded by the Clerk of the Court to be valid, and that such was not done, whereby the recognizance was rendered void; that, under the same law, it is provided that a certified copy of the bond and perfected recognizance must be filed with the County Recorder in the State of Ohio upon a forfeiture, and that forfeiture must be held within thirty days; that there is no allegation in the complaint as to the laws of the State of Ohio where the recognizance was "attempted to be forfeited," and that consequently the complaint is legally insufficient. These are in addition to the defense of the statute of limitations to which reference has been made.

In his affidavit in support of this motion, the Assistant U. S. Attorney alleges that the Sixth separate defense is frivolous, but, unless his affidavit is misunderstood, there is no reference to the other separate defenses, nor is there any showing whatever of evidentiary facts, according to the requirement of the rule.

The questions of law have not been sufficiently presented by either party to this motion to require disposition at this time.

The contract sued upon was entered into in New York, and whether the law of Ohio, where the performance was to take place, was imported into the contract by the parties, is a question that will require determination when it has been more thoroughly presented than it has been upon this motion. This is an action upon the bond, i. e., a contract under seal, and is not a proceeding in a scire facias on the recognizance; and what statute of limitations applies, would seem to present an issue which should challenge the best efforts of counsel.

Motion denied. Settle order.